### YATES v YATES et

Ohio Appeals, 3rd Dist, Logan Co

No 848.   Decided April 22, 1938

Middleton & Dickinson, Bellefontaine, for plaintiff-appellee.

Harry M. Wolfe, Dayton, for defendant-appellant.

## OPINION

By GUERNSEY, PJ.

This is an appeal on questions of law from a judgment of the Probate Court of Logan County, entered on November 22, 1937, in an action pending in said court wherein William C. Yates, executor of the estate of Margaret Yates, deceased, appellee herein, was plaintiff, and William C. Yates and Edith Hodge, appellants herein were defendants. The action was brought by William C. Yates as such executor, to sell real estate of which his decedent Margaret Yates died seized and the judgment from which this appeal is taken is the judgment ordering the sale of such real estate as prayed for in the petition.

In his amended petition in said cause upon which such judgment was rendered, the plaintiff alleges that he is the duly appointed, qualified and acting executor of the estate of Margaret Yates, deceased, and that as such executor he filed on the 14th day of July, 1936, a statement of all the known debts and liabilities of said estate in the property located in Logan County, Ohio; and that said schedule of debts was on the 30th day of July, 1936, approved by said court, totaling the sum of $1447.33; and that the total value of the personal estate and effects of said decedent is but $489.00 which is wholly insufficient to pay the debts of said estate.

The plaintiff further alleged that his decedent died seized in fee simple of certain real estate in the petition described and that said real estate was included in the inventory of said estate pursuant to the order of the Probate Court and was appraised for $2100.00.

Plaintiff further alleged that the decedent left no surviving spouse and that the defendant William C. Yates is an heir at law of said Margaret Yates and that by the provisions of her last will and testament Edith Hodge has or claims to have some right, title and interest in and to said property.

The prayer of the amended petition is that said real estate be sold and that the right, interest and liens of the parties may be fully determined, adjusted and protected and that the plaintiff be authorized and ordered to sell said real estate according to the statutes in such cases made and provided, and for such other and further relief to which he may be entitled.

To this petition the defendant-appellant Edith Hodge filed her separate answer wherein she denied "That the costs of administration will amount to $300.00" and denied "$489.00 is wholly insufficient to pay the debts of Margaret Yates, deceased". She further averred that she was not a party to the proceeding on the hearing of the

schedule of debts; and that she neither filed exceptions nor otherwise voluntarily entered her appearance therein. The prayer of her answer is that the petition of the plaintiff be dismissed and that she be granted such other and further relief as may be equitable.

The plaintiff demurred to the answer of the defendant Edith Hodge for the reason that the same did not state facts sufficient to constitute a defense to the petition.

This demurrer was sustained on October 5, 1937, to the sustaining of which the defendant Edith Hodge excepted. The entry sustaining the demurrer did not provide for leave to further plead on the part of said defendant and did not provide for the dismissal of the answer, and said defendant at no time asked for leave to plead or filed any further pleading on her behalf in said cause.

On the 22nd day of November, 1937, following the sustaining of said demurrer a judgment was entered in said cause containing, among others, the following findings and orders, to-wit:—

"This 18th day of November, 1937, this cause came on to be heard upon the amended petition of the plaintiff for authority to sell the real estate of the above named decedent described in said petition to pay the debts of the decedent, and the answer of William C. Yates. And the court finds that heretofore on the 5th day of October, 1937, a demurrer to the answer of the defendant, Edith Hodge, was sustained, and that the said Edith Hodge is now in default for answer."

"The court further finds that all of the interested parties are before the court and from the evidence finds that the prayer of the petition should be granted and that the defendant William C. Yates, was 45 years of age on the 21st day of April, 1936, and is the owner of a life estate in the real estate described in the amended petition; and that the defendant, Edith Hodge, has an interest in said property, after the payment of the debts of the decedent and the determination of the value of the life estate of the said William C. Yates."

"The court further finds that the real estate described in the petition was appraised by the appraisers at $2100.00 and that a further appraisement is dispensed with."

"Court further finds that the plaintiff was appointed executor, without bond, according to the provisions of the will, and it is therefore ordered by the court that he file a

bond with sufficient sureties approved by this court, in the sum of $5000.00."

"It is further ordered that the said William C. Yates as such executor proceed to sell said real estate at private sale for not less than the appraised value thereof, upon the following terms, to-wit: Cash.

"Upon application of Edith Hodge, a defendant herein, and her statement of her desire to appeal, the court hereby fixes the sum of $100 as the amount of the bond."

"And this cause is continued for further order."

To this judgment the defendant Edith Hodge excepted, and it is from this judgment this appeal is taken.

In her notice of appeal the appellant assigns error in the following particulars:—

(1). The Probate Court erred in sustaining the demurrer of plaintiff to the answer of the defendant Edith Hodge.

(2). The Probate Court erred in ordering the sale of real estate prayed for by plaintiff.

(3). Probate Court erred in other respects as will appear from an inspection of the record.

These assignments will be considered together as they involve identical questions.

As there was no provision in the order sustaining the demurrer granting leave to the defendant to plead further and the defendant did not request leave to plead further the court had the right at any time after sustaining the demurrer to render judgment dismissing the defendant's answer, and the effect of the judgment of November 22nd appealed from was to dismiss defendant's answer and is a final order from which an appeal lies to determine the correctness of the ruling on the demurrer.

Under the provisions of §10510-2, GC, as soon as an executor or administrator ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the allowance to the widow and children for twelve months, and the costs of administering the estate he shall commence a civil action in the Probate Court or the Court of Common Pleas for authority to sell the decedent's real estate.

Under the provisions of §10510-13, GC, the petition shall contain a statement of plaintiff's capacity to sue, a description of the real estate proposed to be sold and its value as near as can be ascertained, a statement of the nature of the interest of

the decedent or ward in such real estate, a recital of all mortgages and liens upon and adverse interests in such real estate, the facts showing the reason or necessity for the sale and such additional facts as may be necessary to constitute the cause of action under the section on which the action is predicated.

The petition in this case contains a statement of the plaintiff's capacity to sue, a description of the real estate proposed to be sold and its value as near as can be ascertained, a statement of the nature of the interest of the decedent or ward in such estate and a recital of all adverse interests in such real estate.

In addition to this it was averred in the petition that the plaintiff as such executor filed on the 14th day of July, 1936, a statement of all the known debts and liabilities of said estate in the property located in Logan County, Ohio, and that said schedule of debts was on the 30th day of July, 1936, approved by said court, totaling the sum of $1447.33, and that the total value of the personal estate and effects of said decedent is but $489.00 which is wholly insufficient to pay the debts of said estate.

The allegations mentioned sufficiently comply with the requirements of §§10510-2 and 10510-13, GC, supra.

In her answer to the amended petition the defendant Edith Hodge did not deny the filing of the schedule of debts, the total thereof and the approval thereof by the court and that the total value of the personal estate and effects of the decedent is but $489.00 as alleged in the petition, and by her failure to deny, admitted the truth of such allegations.

Under the provisions of §§10509-118 and 10509-119 GC such schedule of debts constituted at least evidence of the debts of the decedent, and the allegations with reference thereto not being challenged by motion were legally effective in charging that the debts of the decedent were in the amount set forth in said schedule; and by her failure to deny the filing, total and approval of such schedule the defendant admitted the truth of such allegations. The defendant contented herself with a denial "That the valid debts of Margaret Yates, deceased, amount to $1437.33."

Whether the valid debts of Margaret Yates, deceased, were in exact amount to which the denial is directed is immaterial so long as they are in such amount that the personal property in the amount of $489.00 in the hands of the executor was insufficient to pay all such debts together with the costs of administering the estate, and the denial being so limited involves an affirmative implication that the exactness of the amount of the indebtedness is the only thing placed in issue and that notwithstanding the denial the status of the personal property in relation to the indebtedness of the estate is such as to authorize the sale of the real estate. The form of the denial is such that it involves an affirmative implication favorable to the plaintiff and constitutes a negative pregnant and is insufficient in law to raise an issue.

**Werk v Christie, 9 O.C.C. 439.**

As there was no allegation in the amended petition as to the costs of administration the denial that the costs of same would amount to $300.00 did not raise any issue.

The denial that $489.00 is wholly insufficient to pay the debts of Margaret Yates, deceased, does not, in face of the implied admission by the defendant Hodge of the filing, total and approval by the court of the schedule of indebtedness, raise any issue as to the amount of such indebtedness but simply amounts to a conclusion of law on the part of the pleader that said sum of $489.00 is insufficient to pay the same which by her failure to deny the allegations of the petition with reference to the filing, total and approval of the schedule of debts she demonstrates is false.

No issues having been raised by the answer to the amended petition the court properly sustained the demurrer to the same and properly held that the defendant was in default for answer at the time the judgment was entered.

The demurrer having been properly sustained and the defendant being found in default for answer the judgment of the court ordering the sale of the real estate was properly entered.

Finding no error in any of the particulars specified in the assignments of error and brief of the appellant the judgment of the Probate Court will be affirmed at costs of appellant.

CROW and KLINGER, JJ, concur.