**KINCAID, Admr., Plaintiff-Appellee, v. DAWSON et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4308.   Decided January 30, 1950.

McGhee, Rowe & Evans, Arthur L. Rowe, of Counsel, Columbus, for W. H. Sandusky, appellee.

B. N. Murray, Columbus, for B. N. Murray, appellant.

J. Weller Igo, Columbus, for D. R. Kincaid, administrator-appellee.

J. Roger McClurg, Columbus, for J. R. McClurg, administrator-appellee.

## OPINION

By WISEMAN, J.

This is an appeal on law from the judgment of the Probate Court of Franklin County, Ohio, refusing to set aside a land sale proceeding in the estate of Benjamin F. Dawson, deceased. On the representation that decedent died intestate the Probate Court appointed an administrator for said estate, who brought an action to sell the real estate to pay debts. The record shows that after the sale of the real estate was consummated and the proceeds of the sale distributed, a will of the decedent was presented and duly probated, whereupon the appointment of the administrator was vacated and an administrator de bonis non with the will annexed was appointed, who instituted a proceeding to set aside the land sale proceeding.

When an executor or an administrator ascertains that the personal property is insufficient to pay the debts against the deceased together with the allowance to the widow it is his duty to bring an action to sell the real estate. **Sec. 10510-2 GC; Yates v. Yates, 27 Abs 633.** The allowance to the widow for a year's support was a debt against the estate. **Davidson v. Savings & Trust Co., 129 Oh St 418, 195 N. E. 845.** Likewise, the claim of the Division of Aid for the Aged of the State of Ohio was a debt against the estate of the decedent. **Sec. 1359-7 GC.**

There was no personal property. Consequently, it was the duty of the administrator to sell the real estate to pay the allowance to the widow and the claim of the Division of Aid for the Aged. Whether the decedent died testate or intestate the widow under the facts in this case was entitled to a year's allowance. The land sale proceeding is not invalidated by reason of the fact that the appraised value of the real estate was less than the total amount due the widow as an exemption and year's allowance.

The real estate owned by the decedent descended to his heirs under the intestate laws of the State or passed to them under the provisions of his will, subject to the right of the fiduciary to bring the land sale proceeding for the purpose

of the payment of the debts of the estate. The land sale proceeding divested the interest of the heirs in said property. **Carr, Gdn. v. Hull, 63 Oh St 394, 62 N. E. 439.**

Under the provisions of §10509-24 GC, the land sale proceeding brought by the administrator is considered to be valid and binding on the administrator de bonis non with the will annexed. We approve the judgment of the trial court in finding that there was no showing of good cause for setting aside the land sale proceeding.

Judgment affirmed.

MILLER, PJ, and HORNBECK, J, concur.