ARTHUR D. FLANSBERG *vs.* HEYWOOD BROTHERS AND
WAKEFIELD COMPANY.

Suffolk.    March 10, 11, 1908. — June 17, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.*

If the duties of a freight brakeman, who is riding upon the side of a freight car
moving slowly in a yard crowded with piles of merchandise, require him to turn
his back toward the direction in which the car is moving, this does not relieve
him from the duty of exercising care for his own protection, even if under
these conditions he is not required to give more attention than usual to his
personal safety.

HAMMOND, J. The verdict for the plaintiff which was given
at a former trial of this case was set aside upon the ground that
the plaintiff had not shown that he was in the exercise of due
care. 190 Mass. 125. At the second trial the judge ruled that
the plaintiff was not entitled to recover, and ordered a verdict
for the defendant; and the case is before us upon the plaintiff's
exceptions.

It is argued by the plaintiff that the evidence at this second
trial differs from that given at the first and is more favorable to
him, and that he was entitled therefore to go to the jury. We
have carefully collated the evidence at the two trials, and we
can find no valid ground for distinction on this question of the
plaintiff's due care. The salient feature of the case is that the
plaintiff was approaching a dangerous place and knew it. While
there is evidence that he did not know of the existence of this
pile of rattan by which he was struck, and while the view of it
was somewhat shut off by the porch of the wooden building,
yet it is perfectly plain that if he had looked sooner than he did
he could have seen it in time to escape injury. He was riding
with his back toward the direction in which he was going.
Even if his duties required him to ride that way, to a certain
extent he was not thereby relieved from the duty of exercising
care. Indeed it would seem as if when riding that way he
would be required in a certain sense to be more attentive for
his personal safety.

In the opinion given when the case was here before, Knowlton, C. J., said: " He [the plaintiff] easily could have stepped from the car at any time, as it was moving very slowly. He had been warned of the width of the car by the remark of the conductor, as well as by his own observation. The danger of riding on the side of such a car, in a yard generally so crowded with rattan, often piled upon the ground, and with buildings very near the track, called for great care, even if the plaintiff had not seen the pile which he afterwards encountered. In view of the conditions which the plaintiff knew, or would have known if he had exercised due care, we are of opinion that nothing appears in the evidence which justified him in riding on the side of this car without looking forward in time to see if there were obstructions with which he might come in contact. There was no evidence that he was in the exercise of due care."

These remarks are still as applicable to the case of the plaintiff as now presented as they were to the case as presented at the first trial.

*Exceptions overruled.*

*A. H. Russell,* for the plaintiff.

*W. I. Badger,* (*W. H. Hitchcock* with him,) for the defendant.