MARIA DiIORIO *vs.* JORDAN MARSH COMPANY.
MARTIN A. DiIORIO *vs.* SAME.

Suffolk. January 10, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Negligence,* In use of highway.

At the trial of an action for personal injuries by a woman against the owner of a horse and wagon, there was evidence that the plaintiff was moving a large box along the side of a street from one store to that next adjoining, that the street and the sidewalk were narrow and crowded, that the box rested partly on the curb and projected into the street, that the plaintiff proceeded backward pulling on the front of the box, while a helper pushed the opposite end, and that the plaintiff did not look around at any time and was run into by a wagon being driven rapidly on its right hand side of the street by an employee of the defendant who was not attending to his duties. *Held,* that there was evidence that the plaintiff was in the exercise of due care.

TWO ACTIONS OF TORT, the first for personal injuries alleged to have been caused by the plaintiff's foot being run over by a wagon driven by an employee of the defendant, and the second by the husband of the plaintiff in the first action for loss sustained by reason of her injuries. Writs in the Municipal Court of the City of Boston dated January 12, 1910.

On appeal to the Superior Court the cases were tried together before *Lawton,* J. There was evidence that the wagon of the defendant was being driven rapidly and that the driver was "fooling" with a man on the seat with him. Other facts material to the decision are stated in the opinion. At the close of the evidence the defendant asked for rulings that the plaintiffs could not recover. The rulings were refused. The jury found for the plaintiff in the first action in the sum of $321, and for the plaintiff

in the second action in the sum of $165; and the defendant alleged exceptions.

*E. C. Stone,* for the defendant.

*J. A. Petitti,* for the plaintiffs.

RUGG, C. J.   There was evidence tending to show that the female plaintiff (hereafter referred to as the plaintiff) was pulling upon a wooden box about a yard and a half long, three feet wide and four feet high on the sidewalk of Salem Street in Boston, at eight o'clock in the evening.   The box was partially on the sidewalk, and projected somewhat over the curb into the street.   It was so heavy that two persons were moving it from one store to the next store.   The plaintiff was pulling backward with one foot in the street and the other on the sidewalk, while her helper was pushing on the other end of the box.   When it had been moved about a yard, the defendant's wagon being driven on its right side of the street, which at this point was congested with traffic and about twenty feet wide, injured the plaintiff.   The wagon came upon her from behind, and she had not looked around once while helping to move the box.   There was testimony strongly contradicting this version of the way the accident happened, but it cannot be ruled as matter of law that the jury may not have found these to be the facts.   The single question presented is whether the plaintiff legally could have been found by the jury to have been in the exercise of due care.

The plaintiff was a traveller upon a public way.   It was lawful for her to move the box from one store to another on the same side of the street.   There was a narrow sidewalk on a narrow street, and both were crowded.   It cannot be said that there was any lack of care in selecting the curb of the sidewalk as the portion of the way in which to move the box.   The circumstances in which the plaintiff was placed were somewhat unusual.   She was pulling at a box which by its size and shape afforded a considerable protection.   It projected into the street probably farther than her body.   It was so large that it would not escape the observation of any careful driver on the street.   It was being moved slowly, and by protruding into the street might cause her to think that others would avoid collision with it, and that by reason of her nearness to it and partial shelter by it she might relax her outlook for danger.   Although one must use proper

care while upon a public way, he may rely in part upon the presumption that other travellers will use a reasonable degree of care. Moreover, the plaintiff was being aided by a man at the other end of the box, who was facing in the direction from which any team would come, and on whom, without express stipulation to that effect, on account of his opportunity for constant knowledge of her position, she might in some slight degree rely to warn her of approaching harm. Her purpose was to move the box only a very short distance.

Ordinarily, one walking backward on such a street would be lacking in due care. But the present facts are in a measure exceptional, and, though close to the line, the plaintiff's conduct cannot in our opinion be pronounced negligent, as matter of law. *Donovan* v. *Bernhard,* 208 Mass. 181. The case at bar is distinguishable from *Flansberg* v. *Heywood Brothers & Wakefield Co.* 190 Mass. 125; *S. C.* 199 Mass. 410, and *Russo* v. *Charles S. Brown Co.* 198 Mass. 473.

*Exceptions overruled.*