DETROIT TRUST CO. *v.* DETROIT TRUST CO.

WILLS—CONSTRUCTION—INCOME FROM TRUST FUND PAYABLE FROM DEATH OF TESTATRIX.

> Under provisions of will that trustee is to pay to beneficiary during course of her natural life entire net income of certain trust fund, beneficiary is entitled to net income accruing from date of death of testatrix.

Appeal from Wayne; Smith (Henry H.), J., presiding. Submitted March 16, 1932. (Docket No. 227, Calendar No. 36,392.) Decided June 6, 1932.

Bill by Detroit Trust Company, executor of the estate of May Walker, deceased, against Detroit Trust Company, trustee under her will, to construe the will. Decree for defendant. Plaintiff appeals. Affirmed.

*Donnelly & Hally,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

CLARK, C. J. Counsel are agreed that the question has not been decided by this court. It is on a paragraph of the will of May Walker, giving to trustee a sum of money "to pay the entire net income of said trust fund to Mrs. Fredericka McMillan Crouse during the term of her natural life," and it is: "Is income payable on the trust involved from date of death of testatrix to the date of turning over the fund to the trustee?" The trial court answered in the affirmative. The plaintiff executor has appealed.

The estate was productive of income from the death of testatrix and the amount and rate thereof were found in fact by the trial court and the finding is not questioned. It is not contended that the fund is residuary nor that testatrix stood in *loco parentis* to the beneficiary. The legacy is of income, not a part of the *corpus* of the estate. And this is true although the will further provides that trustee may, in its sole discretion, use any part of the trust fund for support and maintenance of beneficiary. The gift, as regards the beneficiary alone, is of income. Interest upon a legacy is not here sought. The attempt is to secure the legacy itself, the income of the fund from the death of the testatrix. The beneficiary is entitled to the income whenever it accrues, and, as there has been such net income from the death of the testatrix over the period in question, beneficiary should have it.

Authorities on the question are divided. See 40 Cyc. p. 1881. The better rule, accepted by the trial judge, is stated in a leading case, *Matter of Stanfield,* 135 N. Y. 292 (31 N. E. 1013), quoting:

"Where the income of an estate, or of a designated portion, is given to a legatee for life, we think it is clear that he becomes entitled to it whenever it accrues, and if the estate is productive of income from the death of the testator, he can require the executor to account to him for the income from that time. The rule that general legacies shall not bear interest until the expiration of one year from the grant of letters testamentary, or of administration *(Matter of McGowan,* 124 N. Y. 526 [26 N. E. 1098]), has no application in such a case. It is, by its terms, limited to general legacies payable out of the *corpus* of the decedent's estate. In the present case the bequest is not a part of the principal of the estate, or of any property possessed by the testator in his

lifetime; but of that which is to arise or accrue after his death from a specified fund to be set apart for that purpose. It is the income which constitutes the respondent's legacy. He is not seeking to charge the estate with interest upon his legacy, but is simply endeavoring to secure the legacy itself and his effort, therefore, involves no infringement of the rule regulating the payment of interest upon general legacies.''

The case was cited and approved in *Matter of Bird,* 241 N. Y. 184 (149 N. E. 827).

Some other cases supporting this view are: *Martha Catron's Estate,* 82 Mo. App. 416; *Webb* v. *Lines,* 77 Conn. 51 (58 Atl. 227); *Flickwir's Estate,* 136 Pa. 374 (20 Atl. 518); *Mulcahy* v. *Johnson,* 80 Colo. 499 (252 Pac. 816); *Doherty* v. *Grady,* 105 Me. 36 (72 Atl. 869); *Ayer* v. *Ayer,* 128 Mass. 575.

Affirmed. Costs to appellee.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.