Zimmerman, J.,
 

 concurring. Since I wrote the opinion in the case of
 
 Davidson
 
 v.
 
 Miners & Mechanics Savings & Trust Co.,
 
 129 Ohio St., 418, 195 N. E., 845, wherein the doctrine of acceleration was applied, I desire to state my position in reference to the instant case, which to my notion presents a different situation and calls for different treatment.
 

 It is true that the cases of
 
 Ferguson’s Estate,
 
 138 Pa., 208, 20 A., 945, and
 
 Estate of Vance,
 
 141 Pa., 201, 21 A., 643, 12 L. R. A., 227, 23 Am. St. Rep., 267, hold very definitely that where by will a husband gives his entire estate to his widow for life, her rejection of the will in favor of the law’s more liberal provisions is
 
 *118
 
 equivalent to her death, and specific legatees named in such will are entitled to the immediate enjoyment of their legacies, without regard to residuary legatees who have suffered through the widow’s action. However, the Supreme Court of Pennsylvania declined to follow this inexorable rule in the comparatively recent case of
 
 Lonergan’s Estate,
 
 303 Pa., 142, 154 A., 387, and sharply criticizes the earlier decisions.
 

 Where it is indicated, as in the present case, that the residuary legatee is a particular object of testator’s solicitude, the life estate which the surviving spouse has rejected should be sequestered during the lifetime of such spouse, and the accretions thereon applied to compensate the disappointed residuary legatee, who otherwise might receive little or nothing. At least, this should be done when it appears that the estate is sufficient to satisfy specific legacies, and it is therefore reasonably certain that sequestration will inure to the benefit of the residuary legatee. The sequestration-compensation theory was adopted as to residuary legatees in
 
 Sellick
 
 v.
 
 Sellick,
 
 207 Mich., 194, 173 N. W., 609, 5 A. L. R., 1621, and the other associated cases cited by Judge Williams in his opinion.
 

 It is to be borne in mind that the beneficiaries named in Item IX of the will of Mrs. Bauh, other than the Trustees of Kenyon College, will partake of the bounty provided for .them in the exact amounts and at the precise time stated in the will.
 

 In every case where the testamentary plan has been disrupted by a refractory donee, the intent of the testator must still be sought, and when apparent those rules should be applied which will most nearly carry it into practical execution.