Maier, Exr., Appellee, *v.* Wyandt, Gdn., et al., Appellants.

(No. 2198—Decided October 3, 1945.)

*Mr. Franklin L. Maier,* for appellee.

*Mr. Henry W. Harter,* for appellants, C. C. Wyandt, guardian, and Sally Elizabeth and Mary Wyandt, minors.

Sherick, P. J. This is an appeal from a judgment of the Probate Court and concerns the construction to be placed on item 28 of the last will and testament of Sallie Wyandt Menuez, deceased. The matter was heard upon the pleadings, that is, the executor's petition for construction and the answer of the guardian for the minor defendants. There is no bill of exceptions. The judgment of the court was adverse to the minors' interests. Appellants now maintain that the trial court erred as a matter of law.

Item 28 is the only portion of the will of the testatrix set forth in the pleadings. It is that instrument's residuary clause. Part of its substance, only, need be quoted.

All the rest and residue of testatrix's estate is given

to her surviving spouse for life. After his death, the same is given to her two grandnieces, share and share alike, provided they be living at the time of the widower's demise; "but in the event of the prior decease of either the share which such beneficiary would have taken if living shall pass to and I hereby give, bequeath and devise the same to the children of such decedent, share and share alike, if any, otherwise to the survivor or the children of such survivor; but upon the failure of all of which the same shall pass to Elizabeth Wood * * * or her heirs."

What complicates matters is that the surviving spouse elected to take under the law and to reject the provisions made for him under the will; and that the widower has not as yet departed this life.

Appellants urge that the election of the surviving spouse to take under the law is equivalent to death; that they now hold a vested estate therein; and that, being vested, the gift is accelerated and they are now entitled to the immediate possession of the remainder. Appellee asserts, and the trial court held, that appellants' estate is a contingent remainder, to which the doctrine of acceleration can not and does not apply, and that the contingency hinges upon the death of the surviving spouse.

This court is of opinion that the trial court's judgment is correct, but that the reasons upon which it is predicated are unsound. If the minor appellants had or now have only a contingent remainder, and the life tenancy never came into being because of the surviving spouse's election to take under the law, then just in whom does the fee repose? Surely not in the remaindermen subsequent to the appellant minors.

It is settled law by a host of authorities that the fee never stands in abeyance. It must and always does rest in someone. The answer is that the minor de-

fendants, at the time of admission of the will to probate, secured a vested fee simple estate in remainder in the residuary estate, subject, however, to being divested, if either or both of the grandnieces died before the death of the surviving spouse. It is the remaindermen, subsequent in point of taking to the grandnieces, who are possessed of contingent remainders. Appellants correctly point out by reference to 16 Ohio Jurisprudence, 467, Section 91, that "it is a fundamental principle in the law of remainders that a remainder is vested when there is a person in being who would have the right of possession immediately upon the determination of the intervening particular estate."

Were the grandnieces the only named beneficiaries in the residuary clause, after the defeated life tenancy sought to be created, then without doubt the doctrine of acceleration would apply, and they would be immediately, upon the spouse's election, entitled to possession. But this is not the case here encountered.

The fact that vested remainders may be accelerated does not warrant the assertion of an arbitrary rule that all such remainders are entitled to acceleration. Appellants cite the first paragraph of the syllabus of *Holdren, Admr.,* v. *Holdren,* 78 Ohio St., 276, 85 N. E., 537, 18 L. R. A. (N. S.), 272, and quote it. We do likewise, but desire to emphasize its last portion:

"Under the doctrine of acceleration of remainders a devise to A for life, and at his death to B, is to be read as a limitation of a remainder, to take effect in every event which removes the prior estate out of the way; *but this doctrine rests upon the presumed intention of the testator and will be applied only when promotive of his intention.*" (Italics ours.)

Hence, it is observable that the doctrine is to be applied only when promotive of testator's intention,

which is, of course, the first rule of will construction. Now, just what was the intention of Sallie Menuez?

She wanted her husband to possess the residuary estate during his lifetime. His election defeated that intention. But her scheme of distribution contemplated and intended something further, that is, if her grandnieces did not survive her husband, she then wanted their children as a class, or rather two classes, to finally take the estate granted. She even intended something further, *i. e.*, if there were no great-grandnieces surviving their mothers when her husband died, then the estate was to go to Elizabeth Wood, "or her heirs" if she be dead.

It ought to be clear that, if appellants are to prevail and the estate be accelerated and they be placed in possession thereof, these contingent remaindermen might never come into possession of their contingent estate even if the contingencies happened and they ultimately became entitled to the immediate possession of the estate.

The author of the note appearing in 18 L. R. A. (N. S.), 275, which accompanies the report of the *Holdren case, supra,* makes this observation and lists the authorities supporting it:

"The so-called equitable doctrine that a renounced testamentary provision will be sequestered for the benefit of legatees or devisees whose portion has been diminished as a result of the election of the widow against the provisions of the will is, as the case reported [*Holdren* v. *Holdren*] well illustrates, in reality a form of the rule that the presumed intention of the testator that a gift over shall take effect upon the termination of the particular estate or interest, however such termination is effected, must yield to a manifest intention to the contrary,—the manifest intention in cases presenting this aspect of the question being de-

duced from the scheme of distribution created by the testator, which it is presumed he desires to be given effect so far as possible.''

As we see it, present acceleration might defeat the intention of the testatrix, and only upon the death of the surviving spouse can her intention be definitely ascertained and carried out. Only in the event of the death of the grandnieces, their children and Elizabeth Wood survived by her legal heirs, before the death of the surviving spouse, could the estate be properly accelerated in favor of the heirs of Elizabeth Wood. It follows that the court's judgment is affirmed.

*Judgment affirmed.*

Putnam and Montgomery, JJ., concur.