Bell, J.
 

 The appellant in his brief raises five questions.. We shall dispose of them in the order stated.
 

 (1) “Can real estate be sold by an Ohio ancillary administrator to pay debts of a solvent domiciliary estate where there is sufficient personal property to pay Ohio debts, none of which have been allowed as valid claims nor scheduled in Probate Court?”
 

 Section 10511-16, General Code, provides:
 

 “A domiciliary executor or administrator may file in the court by which the ancillary administrator was appointed information showing that it will be necessary to sell Ohio real estate of the decedent to pay debts and legacies, and the court may thereupon authorize the ancillary administrator to sell such part or all of such real estate as may be necessary. The ancillary administrator shall proceed to sell such real estate in the manner provided by law.”
 

 It is alleged in the petition that the debts are approximately $5,500, and that there is no personal property in Ohio with which to pay the debts and costs.
 

 In the answer of George E. Lingo, domiciliary executor, it is alleged:
 

 “This answering defendant further represents that the valid debts amounting to $10,221.04 have been presented and have been certified to H. H. Crabbe, ancillary administrator of the estate of Lucy L. Lingo.
 

 “The personal property of said decedent is wholly insufficient to pay the debts and costs of administration. ’ ’
 

 The agreed statement of facts filed in the Court of Appeals discloses that Ohio debts and costs of administration are approximately $2,000; that there is no
 
 *494
 
 personal property in Ohio with which to páy the Ohio debts; and that the total debts are $11,371.31.
 

 The Court of Appeals found that it was necessary to sell the real estate described in the petition to pay debts. With that conclusion we are in full accord.
 

 (2) “Does a nonresident surviving spouse have the right of election not to take under a foreign will when ancillary administration is being had?”
 

 The appellant contends that the election of the surviving spouse is invalid under the provisions of Section 10511-9, General Code, having been filed later than six months after the date of the recording of
 
 the
 
 authenticated copy of the will.
 

 That section provides in part as follows:
 

 “When such authenticated copy has been filed and recorded according to law,
 
 and when no ancillary administration proceedings have been had or are being had in Ohio,
 
 the provisions relating to election shall be the same as in the case of resident decedents, except that such election shall be made not later than six months after the record of such authenticated copy.” (Emphasis added.)
 

 That section must be read and construed in connection with Sections 10511-7 and 10511-8, General Code, and applies only to a will executed, proved and allowed in a foreign country, and therefore has no application here.
 

 Secondly, it applies only to case's
 
 “when no ancillary administration proceedings have been had or are being had in Ohio. ”
 

 Furthermore, if appellant’s contention should be sustained, that makes an end of his case. In the event the election of the surviving spouse be invalid, appellant would have no right to any part of his legacy until the death of such surviving spouse.
 

 The record is silent as to whether the surviving spouse elected not to take under the will in the domi
 
 *495
 
 ciliary state. The question of the validity of election of the surviving spouse is not properly presented by the record, -therefore we shall assume for our present purpose that the election by the surviving spouse was a valid election.
 

 (3) “If an election not to take is valid is the interest of a specific devisee of one-half of the Ohio real estate, accelerated?”
 

 That question must be. answered in the affirmative upon the authority of
 
 Davidson
 
 v.
 
 Miners & Mechanics Savings & Trust Co., Exr.,
 
 129 Ohio St., 418, 195 N. E., 845, 98 A. L. R., 1318. However, it should be noted in passing that appellant did not receive a specific devise of one-half of testatrix’s Ohio reál property.
 

 (4) “Can a devisee who is devised ‘and a sum equal to one-half of the net sale price of my farm in Ohio’ elect to take said real estate at its appraised value, paying one-half in cash and using his devise as a credit thereon?”
 

 (5) “Is ‘and a sum equal to one-half of the net sale price of my farm in Ohio’ a specific devise?”
 

 The last two questions will be considered together.
 

 As we read and construe item II of this will, the appellant and thirteen other named persons were bequeathed various sums of money. The bequest to appellant reads as follows:
 

 “Bert E. White, my nephew, $400 and a sum-equal to one-half of the net sale price of my farm in Ohio.”
 

 As has been pointed out, Bert E. White was not devised a half interest in the farm in Ohio. He was bequeathed $400 plus a sum equal to one-half of the net sale price of the farm.
 

 The bequests to the other thirteen beneficiaries are all on equal footing with appellant’s bequest, hence all were accelerated by the election of the surviving spouse not to take under the will.
 

 The record discloses that the total value of this es
 
 *496
 
 tate is approximately $40,000. The debts and legacies amount to some $25,000. It is quite probable that, after allowance to the surviving spouse of his interest and the transfer of the specifically devised real property and the specific bequest of $500 to Marie M. Taylor as provided in item I of the will, plus the costs and expenses of administrations in Ohio and California, the fourteen beneficiaries, including appellant, named in Item II may be compelled to accept only proportionate shares of their legacies. Should such a situation arise the appellant would be entitled to receive only his proportionate share of the bequest made to him. If appellant was allowed to take the Ohio farm in accordance with the provisions of his election he would thus receive more than a sum equal to one-half the net sale price of such farm and a greater portion of his bequest than received by the 13 other legatees. Therefore questions four and five must be answered in the negative.
 

 Finding no error in the judgment of the Court of Appeals it should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Turner, Matthias and Hart, JJ., concur.