Taft, J.
The questions raised on this appeal are (1) whether the Probate Court has jurisdiction of such an action and (2) whether the defendant may take the amount set off to him pursuant to Section 10509-54, General Code, as assets of decedent’s estate exempt from administration.
By reason of our recent decision in In re Estate of Morrison, 159 Ohio St., 285, 112 N. E. (2d), 13, we are of the opinion that the answer to the first question is that the Probate Court does have jurisdiction of such an action. In effect, it is an action which will, to use the language of Section 10501-53, General Code, “direct and control the conduct of” an administrator,
*298 As to the second question, defendant bases his claim on Section 10509-54, General Code, which reads in part:
“When a person dies leaving a surviving spouse * * # the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate: household goods * * * to be selected by such surviving spouse * # * not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse * * * nor less than five hundred dollars * * * if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amout which may be selected as herein provided, then such surviving spouse * * * shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate.”
In Deem v. Milliken, 3 C. D., 491, 6 C. C., 357, an only son, who had murdered his mother for the purpose of succeeding to the title to certain of her real estate, was held entitled to inherit that real estate. The judgment in that case was affirmed in 53 Ohio St., 668, 44 N. E., 1134, “on the reasoning” of the Circuit Court. That reasoning is summarized at the beginning of the opinion as follows:
‘ ‘ The judgment under review is unquestionably right if the terms used in the statute of descents should, in all cases, receive their plain and natural meaning. Mrs. Sharkey died intestate and seized in fee of the lands *299 in controversy. There is neither condition nor exception in the statute which provides that they should descend to her son.”
Although there are some decisions to the contrary, the foregoing holding seems to be in accordance with the weight of authority outside this state. See annotation at 51 A. L. R., 1096.
Subsequently, the General Assembly enacted Section 10503-17, General Code, which reads in part:
“No person finally adjudged guilty, either as principal or accessory, of murder in the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, whether under the provisions of this act relating to intestate succession, or as devisee or legatee, or otherwise under the will of such person; nor shall such person inherit or take any real or personal estate of any other person as to which such homicide terminated an intermediate estate, or hastened the time of enjoyment. With respect to inheritance from or participation under the will of the person killed, the person so finally adjudged guilty of murder in the first or second degree shall be considered as though .he had preeeeded in death the person killed. * * *”
Defendant contends that Section 10503-17, General Code, does not prevent him from taking and receiving under Section 10509-54, General Code, because the former section applies only to an inheritance under a will or by intestate succession and, in taking under the latter section, there is no such inheritance.
In support of this contention, defendant refers to statements in decisions of this court which he believes should be interpreted as indicating that what a surviving spouse takes under Section 10509-54, General Code, is not taken under a provision of the Probate Code, “relating to intestate succession.” See Davidson v. Miners & Mechanics Savings & Trust Co., Exr., *300 129 Ohio St., 418 (paragraph two of the syllabus), 195 N. E., 845, 98 A. L. R., 1318; Raleigh et al., Admrs., v. Raleigh, 153 Ohio St., 160 (paragraph one of the syllabus), 91 N. E. (2d), 241; and Stetson, Admr., v. Hoyt, 139 Ohio St., 345, 40 N. E. (2d), 128.
In our opinion, this contention of defendant cannot be sustained. If defendant receives anything as surviving spouse under Section 10509-54, General Code, he will, to use the words of Section 10503-17, General Code, “inherit or take * * * part of the * * * estate” of his wife. Under Section 10509-54, General Code, any property selected by the spouse must be “included and stated in the inventory of the estate”; and any money he is to receive is to “be a charge on all property * * * belonging to the estate” and must, therefore, come from the estate. Thus, anything which he takes under Section 10509-54, General Code, will come within the ordinary meaning of the word “succession.” There is no right of succession to the property of a decedent except to the extent that such right is created by statute. Kirsheman v. Paulin, Exr., 155 Ohio St., 137, 140, 98 N. E. (2d), 26. See, also, State, ex rel. Taylor, Jr., Pros. Atty., v. Guilbert, Aud., 70 Ohio St., 229, 249, 71 N. E., 636; Magoun v. Illinois Trust & Savings Bank, 170 U. S., 283, 42 L. Ed., 1037, 18 S. Ct., 594; 16 American Jurisprudence, 777, Section 12. A testate succession is one which depends at least in part on the provisions of a will. An intestate succession is one which depends entirely upon the provisions of the law alone. It is apparent that the succession of a surviving spouse provided for in Section 10509-54, General Code, is an intestate succession as it depends entirely upon that statutory provision. That statutory provision, therefore, relates to intestate succession. It was a part of the same act which contained Section 10503-17, General Code. The words “provisions of this act relating to intestate succession,” as *301 found in the latter statute, necessarily include the provisions for a surviving spouse set forth in Section 10509-54, General Code. It is true that the so-called statutes of descent and distribution do relate “to intestate succession.” It does not follow, as defendant argues, that a statute such as Section 10509-54, General Code, does not so relate.
In Oleff, Admr., v. Hodapp, Gdn., 129 Ohio St., 432, 195 N. E., 838, 98 A. L. R., 764, where there was a building and loan deposit account payable to either of two parties or their survivor and one party murdered the other, such murderer was held entitled to recover the amount of the deposit. The reasoning of the court was that, under the contract of deposit, the murderer had a vested right before his crime and that right could not be taken from him merely because of his crime. The writer of this opinion confesses that it is difficult for him to understand how the agreement of the building and loan company to pay the survivor could be vested before there was a survivor and when either party had full power at any time before that by withdrawals from the account to extinguish any rights of the other party or of a survivor. However, in the instant case, any rights of defendant to take as the surviving spouse of his wife could only vest on the death of his wife. Neville v. Sawicki, Exr., 146 Ohio St., 539, 67 N. E. (2d), 323. Cf. Goodman v. Gerstle et al., Exrs. and Trustees, 158 Ohio St., 353, 109 N. E. (2d), 489. Until then, the creation of that right would depend entirely upon her death before his. Thus, his crime is the act which removes the condition precedent to the existence of his right, and changes his contingent, expectant, or inchoate right into a vested right. Cf. Filmore v. Metropolitan Life Ins. Co., 82 Ohio St., 208, 92 N. E., 26, 137 Am. St. Rep., 778, 28 L. R. A. (N. S.), 675, and Neff, Admr., v. Massachusetts Mutual Life Ins. Co., 158 Ohio St., 45, 107 N. E. (2d), 100. *302 We do not, as the court believed it did in the Hodapp case, have a situation where denial of recovery would amount to taking away a vested right because of the crime. We have a situation where allowing defendant recovery would amount to giving a vested right because of the crime. See annotation on Constitutionality of Statute Precluding Inheritance by One Who Killed Decedent at 6 A. L. R., 1408.
The judgment of the Court of Appeals must be reversed and final judgment rendered for plaintiff.

Judgment reversed and final judgment for plaintiff.

Weygandt, C. J., Middleton and Hart, JJ., concur.
Zimmerman and Stewart, JJ., concur in the syllabus and in the judgment.
Lamneck, J., not participating.