Hart, J.
 

 The question presented in this case is whether the administrator of a surviving spouse, by virtue of Section 10509-54, General Code (114 Ohio Laws, 413), is entitled to a lien upon the real property
 
 *348
 
 of her predeceased spouse for the balance in money over the appraised value of the personal property of such predeceased spouse selected by such surviving spouse in her lifetime, so as to make up the maximum allowance under the statute even though no further selection has been made by such surviving spouse.
 

 The answer to this question depends upon the construction to be given the section of the statute above named, the pertinent part of which is as follows:
 

 “When a person dies leaving a surviving spouse,
 
 *
 
 * * the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate: household goods, live stock, tools, implements, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such surviving spouse, * * * not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, * * * nor less than five hundred dollars * * * if there be so much comprised in the inventory 'and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse * * shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate.”
 

 Unquestionably, the provision made for the benefit of the surviving spouse could be waived by her, but such waiver must clearly appear. Since by law, she
 
 *349
 
 was entitled to a beneficial interest, a presumption arises that it was her intention to claim and accept it.
 
 Lessee of Mitchell
 
 v.
 
 Ryan,
 
 3 Ohio St., 377;
 
 Harvey
 
 v.
 
 Gardner,
 
 41 Ohio St., 642.
 

 The chief question to be here answered is how far or to what extent must the surviving spouse personally select her allowance from the assets of the estate of her spouse in order to avail herself of the allowance provided by the statute. Unless the surviving spouse has barred himself or herself from such allowance by electing to take under a will which precludes or denies it, or by a contract with the deceased spouse whereby it is relinquished or waived, or whereby it has otherwise been waived during the administration of the estate, twenty per cent of the appraised value of the gross estate with a minimum of $500 and not exceeding $2,500 shall not be deemed assets of the estate or administered as such, but shall be distributed to the surviving spouse in manner as follows:
 

 The surviving spouse may select at the appraised value all or any part of the household goods, live stock, tools, implements, utensils, wearing apparel of the deceased, relics and heirlooms of the family and the deceased, ornaments, pictures and books not exceeding in the aggregate the amount of the allowance to be determined as above stated. If the property so selected be of less value than the total amount which may be selected, then the balance shall be paid to such surviving spouse in money. If there is no such property, or if none is selected, then the whole amount of the allowance shall be paid to such surviving spouse in money, and such money shall be a charge on all property, real or personal, belonging to the estate of the deceased spouse.
 

 The allowance provided by the statute in question in excess of the value of the specific personal property actually selected constitutes an obligation in the nature of a debt due from the estate to the surviving
 
 *350
 
 spouse which has a preferred status as to payment as against all unsecured creditors of the estate of the deceased spouse.
 

 When Section 10509-54, General Code, became a part of the new Probate Code, effective January 1, 1932, it radically changed the exemptions to a surviving spouse. Before that date, the surviving spouse enjoyed vested dower (Section 8806, General Code) which was -exempt as against unsecured creditors, but the new Code
 
 took
 
 away such vested dower and provided in lieu thereof a distributive share of the net estate after the payment of debts. The history of this legislation indicates that the increased exemption now provided by Section 10509-54, General Code, together with Section 10502-1, General Code, was intended to compensate the surviving spouse for the vested dower which was at the same time taken away. That being true, it is reasonable to suppose that it was the intent of the Legislature to give this allowance not only the character of a distributive share of the estate, but also a preferred status over unsecured creditors.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Zimmerman and Bettman, JJ., concur.