99 N.E.2d 483 (1951)
155 Ohio St. 434
In re CROKE'S ESTATE.
CLANCY
v.
CLEVELAND TRUST CO.
No. 32302.
Supreme Court of Ohio.
May 23, 1951.
*486 Wilbert J. O'Neill and Robert J. Newton, Cleveland, for appellant.
Baker, Hostetler & Patterson and Dwight B. Buss, all of Cleveland, for appellee.
HART, Judge.
At the threshhold of the consideration of this case, we are met with a question of procedure. Since the Court of Appeals struck the bill of exceptions from the files for the reason that it was not seasonably filed as required by Section 11564, General Code, could that court, in the absence of such bill embodying all the testimony before the Probate Court on the issue of a suitable year's allowance to the widow, reverse the judgment of that court on the ground that the allowance was excessive?
Section 10509-77, General Code, provides: "On petition of the widow, or other person interested, the probate court may review the allowance made to the widow or children, and increase or diminish it, and make such order in the premises as it deems right."
The determination of the Probate Court, under the above-quoted statute, is a final order ordinarily involving the weight of the evidence, and under such circumstances and in the absence of a bill of exceptions showing the evidence under which such allowance was increased it would ordinarily be the duty of the Court of Appeals to either dismiss the appeal or affirm the judgment, but not to reverse it. Townsend v. Harrison, 58 Ohio St. 398, 50 N.E. 985; Tenesy v. City of Cleveland, 133 Ohio St. 251, 13 N.E.2d 122; In the Matter of Lands, Lots or Parts of Lots Omitted from Foreclosure Proceedings-1944, 146 Ohio St. 589, 67 N.E.2d 433; Robinson v. City of South Euclid, 146 Ohio St. 627, 67 N.E.2d 327; Jones, Treas., v. Ralston, 116 Ohio St. 734, 158 N.E. 88.
However, this rule of procedure applies only when the errors assigned are such as may be disclosed only by a bill of exceptions. If there are assigned errors not based upon such bill, or notwithstanding the absence of such bill enough appears from the pleadings and journal entries to raise the question presented, the appeal will not be dismissed or the judgment affirmed because of the absence of a bill of exceptions. 2 Ohio Jurisprudence 873, Section 490.
*487 In the instant case, the Court of Appeals in its entry of reversal found that there was "error of law in increasing the allowance for year's support of the widow based upon a period of twelve months, when upon the face of the record it is conclusively shown that the widow survived her husband by only three months and thirteen days." In the course of a concurring opinion, it is said on this subject: "The single error complained of is demonstrated clearly upon the face of the record. The weight of the evidence is not involved in this appeal and the assigned error of law emerges from the record with clarity sufficient to obviate all need of recourse to a bill of exceptions."
In the face of that statement, we are not disposed to question the sufficiency of the record and will assume that the court had jurisdiction to entertain the appeal.
We now consider the question: Did the Court of Appeals err in reversing the judgment of the Probate Court, on the ground that the right to a "year's allowance" to the widow under Section 10509-74, General Code, is limited to such period of time as the widow survives her husband, but in no event for a period of more than one year?
The pertinent part of Section 10509-74, General Code, now before us for construction, reads as follows: "The appraisers also shall set off and allow to the widow * * * sufficient provisions or other property to support * * * [her] for twelve months from the decedent's death * * *."
The Court of Appeals held that the purpose of the year's allowance to the widow is to compensate her for the loss of support which the husband, if he had lived, would have afforded her for the period of her life in no event to exceed twelve months. In this view, the allowance is made on the basis of immediate need which would terminate at her death, even though it occurred within the period of one year after the death of her husband.
This is a most important question and seems never to have been specifically determined by this court. Upon full consideration, it is our view that the statutes governing a widow's allowance from the estate of her deceased husband contemplate and require an allowance of support for a full period of twelve months after his death, even though the widow dies before the expiration of that period. We now state the reasons for this view.
In the first place, the language of the statute providing for such an allowance is clear, positive and unambiguous. It is: "The appraisers * * * shall set off and allow to the widow * * * sufficient provisions or other property to support [her] for twelve months from the decedent's death * * *."
If the General Assembly had intended to impose any limitation upon this sweeping award to the widow, it could easily have done so by providing for the payment of such support in monthly installments so long as she survived her husband but in no event to exceed twelve such installments. This statute has had the consideration of the General Assembly on several occasions since the adoption of the General Code in 1910. Present Section 10509-74, General Code, differs in several respects from former Section 10656, General Code, which it supersedes. In a comprehensive revision of the statutes governing administration of estates, the General Assembly, effective January 1, 1932, enacted Section 10509-74 which now provides that an allowance to minor children under 18 years of age shall be made only when the same is necessary for their support. Significantly, the widow was not included in such limitation. See 114 Ohio Laws, 320, 417. It is now clear, and the members of the Court of Appeals in the instant case in their opinions Ohio App., 93 N.E.2d 799 recognized the fact, that the statute places the husband's obligation to support his wife upon his estate for the period of one year after his death whether his widow is in actual need of such support or not.
Under the statute in question, the widow's "year's allowance" is a property right which vests in her at the instant of *488 her husband's death regardless of whether he dies testate or intestate. There is one exception to that statement which should be noted, although it has no application to the instant case. It has to do with a situation provided by Section 10503-18, General Code, which was noted and construed by this court in In re Estate of Metzger, 140 Ohio St. 50, 42 N.E.2d 443, in the following language: "When a wife expires within three days after the death of her husband, or within thirty days from his demise if their extinction is attributable to a common accident, he is deemed to have died last and his estate passes and descends accordingly, under Section 10503-18, General Code. In such circumstance there is no widow within the meaning and intent of the statute, and no year's allowance under Section 10509-74, General Code, and no property not treated as assets under Section 10509-54, General Code, may be claimed by her personal representative."
Since this statutory exception has no application in this case we shall entirely disregard it in the further discussion of the instant case.
The widow's "year's allowance" is as broad as the grant of the statute and may not be limited except by specific terms of the statute creating it or by some other statutory enactment of equal efficacy. As a vested right of property such right may not be taken away except by a waiver or surrender thereof by the widow herself or her personal representative in case of her death. Since the right to the "year's allowance" comes into being and vests instantly upon the death of the husband, its quality and extent must be measured by the facts and circumstances existent at its creation and not by subsequent occurrences or incidents. True, the amount of the allowance, depending upon the size of the husband's estate, the social position of the parties at the time of his death, and to some extent the need of the widow following his death, is determined by the appraisers and the court, but their function is only to determine that element of the beneficial enjoyment of the right. They do not create the property right, neither can they limit it or take it away.
Of course, under Section 105.09-77, General Code, the Probate Court may on review increase or diminish the amount of the allowance made by the appraisers, as the court did in the instant case. This court, in an early case, held that such allowance may be reviewed and increased for the benefit of the widow's estate on petition of a person interested, although the petition is not filed until after the expiration of more than twelve months after the husband's death and after the death of the widow. Sherman's Ex'r v. Sherman, 21 Ohio St. 631. Now, under Probate Court Rule 13, effective February 24, 1932, where the widow or others interested in the widow's allowance have notice of the filing of the inventory in the husband's estate, they must file a petition to review the allowance made to the widow or children under Section 10509-77, General Code, within the time allowed for filing exceptions to the inventory, otherwise "the allowance" becomes final. Brown v. Mossop, Admr., 139 Ohio St. 24, 27, 37 N.E.2d 598. And when the judgment of the Probate Court in that respect, on petition to increase or decrease the allowance, becomes final and beyond the right of appeal, the Probate Court has no jurisdiction thereafter on a second review to revise or change the amount of the allowance. This is true, although circumstances may change, even to the death of the widow before the expiration of one year after the death of the husband. Moore v. Moore, 46 Ohio St. 89, 18 N.E. 489.
The widow's "year's allowance" immediately becomes a debt of the husband's estate. Watts v. Watts, 38 Ohio St. 480; Raleigh et al., Admrs. v. Raleigh, 153 Ohio St. 160, 91 N.E.2d 241. It is of such high character that, designated in the statute as "the allowance made to the widow and children for their support for twelve months," it is preferred over common creditors of the estate and is subordinate in preference only to the costs of the administration and funeral expenses of the husband to the extent of $350. Section 10509-121, General Code. It is also such a fixed obligation of the husband's estate that resort may be had for its payment *489 against land conveyed away by the deceased husband for the purpose of defrauding creditors. Allen v. Allen's Admr., 18 Ohio St. 234.
It becomes the duty of the administrator or executor of the husband's estate, upon the final determination of the amount of the "year's allowance" to pay it immediately to the widow if living. And, as a further indication that the right to the "year's allowance" vests immediately upon the death of the husband and that timely payment is required, Section 10509-75, General Code, provides that "When money is allowed for the support of such widow or children, the same shall be paid upon approval of the inventory or as soon thereafter as money is available for that purpose", and that "Such allowance in money shall bear interest at the legal rate from the date of death of the decedent until paid, if demanded." (Italics supplied.)
If the widow dies after the allowance is determined but before it is fully paid to her, such allowance or balance shall be paid to her personal representative. Dorah's Adm'r. v. Dorah's Ex'r, 4 Ohio St. 292. In the Dorah case, the husband died on March 1, 1852. On March 15, 1852, the appraisers set off to the widow a year's allowance of $200. On March 24, 1852, the widow died, having received only $58.37 of the year's allowance. In an action by the widow's administrator against the executor of the husband's estate to recover the remainder of the $200 allowance, the executor of the husband's estate made claim that he should not be required to pay the balance of the "year's allowance" because the widow had died in less than a year and the $58.37 paid to her had been sufficient to support her for the period of her life. This court, in holding that the widow's administrator could recover the balance of the $200, said:
"The death of a widow, to whom an allowance has been made * * * before the expiration of the year, and before it has all been expended in her support, does not bar the right of her executor to recover the amount unpaid, from the executor of her husband.
"Such allowance confers a vested right of property, and is not divested by her death, or by any other contingency * *."
In the Dorah case, it was not clearly determined whether the right to the widow's "year's allowance" was vested by the statute at the date of the husband's death or whether it was the action of the appraisers in setting it off which conferred the right. This question was determined in the case of Bane v. Wick, 14 Ohio St. 505, 506.
In the latter case, the widow had survived her husband by a period of more than one year, but a "year's allowance" had not been set off to her during her lifetime. Her personal representative sought to have it set off after the widow's decease and the question of the right to recover was presented to this court on appeal from an adverse ruling on exceptions to the report of a master. The master rejected the claim for the "year's allowance," on the ground that it was a personal privilege which the widow might have demanded or not at her option, and since she made no demand or claim in her lifetime, her personal representative could not claim it for her estate after her death. In sustaining the exceptions, this court held:
"The statute which gave the right, did not make it depend upon her necessities nor upon her asking or omitting to ask for it. It was the express duty of the appraisers to set it off to her, either in property, or money, and without regard to whether her husband died testate or intestate. * * *
"We are of the opinion that such allowance should be made. It was not a discretionary power given to the appraisers, to be exercised or not, as they might deem necessary, according to circumstances. They were required to make a setoff and allowance sufficient to support the widow for twelve months * * *." (Italics supplied.)
There is a legal analogy to the question involved in the provisions of Sections 10509-54 and 10509-55, General Code. These statutes provide that, where a person dies leaving a surviving spouse, certain selected property shall not be deemed assets of the estate but shall become the property of such surviving spouse not exceeding in *490 value 20 per cent of the appraised value of the estate but in no event to be more than $2,500, and that the difference between such sum and the value of the property selected, if the latter is less, shall be a charge on all property real and personal belonging to the estate, prior to the claims of all unsecured creditors of the decedent or of the estate.
In Miller v. Miller, Admr., 129 Ohio St. 230, 194 N.E. 450, 451, construing these statutes, the widow had been given a year's allowance of $1,200 under Section 10509-74, General Code, and had been awarded an allowance of $2,500 under Section 10509-54, General Code. The widow died intestate five days after her husband's death. One of the questions involved was which assets of her estate passed to her heirs under the statute of descent and distribution and which assets passed under the so-called "half and half" statute. In other words, did these allowances come to her by descent and distribution or were they debts of the husband's estate unincumbered by any inheritable quality? This court held that the actual taking of a share of the husband's estate by the surviving spouse was under Sections 10504-55 and 10504-60, General Code, and that Section 10503-5, the "half and half" statute relating to the "descent" of an estate which came from a deceased spouse, had no application. Judge Zimmerman, in his statement of facts in that case, made a pertinent observation as follows: "* * * It is conceded that the year's allowance of $1,200, and the $2,500 awarded under section 10509-54, constituted a debt and preferred claim against the estate of Harry B. Miller in favor of Clara J. Miller, which became a part of the latter's general estate to be distributed to her next of kin without any question."
In Stetson, Admr. v. Hoyt, 139 Ohio St. 345, 40 N.E.2d 128, 129, the widow died intestate after she had selected certain items of personal property but before she had selected the remainder of her allowance under Section 10509-54, General Code. In connection with the sale of her deceased husband's real estate to pay debts, the question arose whether the administrator of the surviving spouse was entitled to a lien upon the real property of her predeceased spouse for the balance over the appraised value of the personal property of such predeceased spouse already selected by such surviving spouse in her lifetime so as to make up the maximum allowance under the statute, even though no further selection had been made by such surviving spouse. This court answered that question in the affirmative.
In the opinion in that case, this court said: "Unless the surviving spouse has barred himself or herself from such allowance by electing to take under a will which precludes or denies it, or by a contract with the deceased spouse whereby it is relinquished or waived, or whereby it has otherwise been waived during the administration of the estate, twenty per cent of the appraised value of the gross estate with a minimum of $500 and not exceeding $2,500 shall not be deemed assets of the estate or administered as such, but shall be distributed to the surviving spouse * * *."
In Raleigh v. Raleigh, supra, Rose Raleigh died testate on May 24, 1941, and Michael Raleigh, her widower, died intestate on November 6, 1941. Neither of them was survived by children or parents. Rose Raleigh's will was not probated until after the death of Michael Raleigh and no allowance of money or property exempt from administration had been made from the estate of Rose Raleigh to the estate of Michael Raleigh. The question arose whether the heirs-at-law of Michael Raleigh were entitled to inherit as a part of his estate the allowance to which he would have been entitled in the estate of his wife as against her heirs-at-law if allowance had been awarded to him in his lifetime. This court again answered the question in the affirmative and held: "The allowance given a surviving spouse under Section 10509-54, General Code, is in the nature of a debt and a preferred claim against the deceased spouse's estate, and, if a selection of property is not made or money in lieu thereof is not received by the surviving spouse during his lifetime, his personal representative may claim the allowance after the surviving spouse's decease." [153 Ohio St. 160, 91 N.E.2d 242.]
*491 In Davidson v. Miners & Mechanics Savings & Trust Co., Ex'r, 129 Ohio St. 418, 195 N.E. 845, 98 A.L.R. 1318, this court held: "The widow's year's allowance and the allowance given her under section 10509-54, General Code, are a debt and preferred claim, respectively, against her deceased husband's estate, deductible before a determination of the share of the estate to be taken by the widow `under the statute of descent and distribution.'"
In commenting on the holding of the court in the case last cited, Judge Stewart in the Raleigh case above cited, appropriately said: "If the allowance under Section 10509-54, General Code, is a preferred claim against the estate, it is logical that it inures not only to the benefit of the spouse who is entitled to it but likewise to his estate after his decease."
By the same logic the widow's "year's allowance" provided for in Section 10509-74, General Code, which is also a debt and preferred claim against the husband's estate, must inure not only to the benefit of the widow who is entitled to it, but likewise to her estate after her death.
In the opinions of the judges concurring in the judgment of the Court of Appeals in the instant case, it is stated that if after the husband dies his wife dies within a period of one year the obligation for support must end as of the date of her death. In our opinion this position overlooks the potentialities and realities of the situation and does not properly appraise the scope of the husband's obligation of support. If the husband in the instant case had lived one year longer his obligation would have been to support his wife during that period, and if she had died within that period his estate and not hers would have been obligated for the expense of her last sickness and her funeral expenses, all of which were necessarily incurred in the instant case within such year. Such possibility must always be taken into consideration in fixing a widow's "year's allowance" in the estate of her husband.
In Phillips v. Tolerton, Ex'r., 9 Ohio N.P.,N.S., 565, affirmed 82 Ohio St. 403, 92 N.E. 1121, the court held that a surviving husband who has paid the funeral expenses of his deceased wife has no right to recover them from the estate of his deceased wife, although her estate is ample. Consequently, the "year's allowance" to a widow must contemplate either the obligation to support her in life for the period of one year, or in case of her death within the year, to provide for the payment of the expenses of her last sickness and funeral expenses which may well exceed her support in life.
There is complete lack of authority for the position that the term, "year's allowance," in the statute means an allowance for the period of survival if that period is less than a year. Not only do the Ohio cases all point to a construction of the statute to mean what it plainly says, that is, that the allowance shall be for twelve months, but the same rule is followed in other jurisdictions having almost precisely the same statutes. Brown, Adm'r v. Joiner, Adm'r, 77 Ga. 232, 3 S.E. 157; Monahan et al., Adm'rs v. Estate of Monahan, 232 Mo.App. 91, 89 S.W.2d 153; Bacon v. Perkins, Judge of Probate, 100 Mich. 183, 58 N.W. 835, citing Dorah's Adm'r v. Dorah's Ex'r, supra.
The Court of Appeals reversed the judgment of the Probate Court "for error of law in increasing the allowance for year's support of the widow based on a period of 12 months, when upon the face of the record it is conclusively shown that the widow survived her husband by only three months and thirteen days."
It appearing to this court that the judgment of the Court of Appeals is erroneous, it is reversed and the judgment of the Probate Court is affirmed.
Judgment reversed.
WEYGANDT, C. J., and STEWART and MATTHIAS, JJ., concur.
TAFT, J., concurs in the syllabus and in the judgment.
ZIMMERMAN and MIDDLETON, JJ., dissent.
*492 MIDDLETON, Judge (dissenting).
Section 10509-54, General Code, applies in case of death of either spouse. It exempts from administration certain property to the extent of 20 per cent of the estate, with a maximum of $2,500, and provides for exemption of money sufficient to supply the difference between the value of selected items of property and the maximum permitted exemption.
This exemption of specific items of property inures to the benefit of the surviving spouse or the surviving children. The money thus exempted belongs to the surviving spouse if one survives.
This right of the surviving spouse attaches and becomes vested immediately upon the death of the husband or wife and the amount is fixed by the statutes.
Sections 10509-74 and 10509-75, General Code, serve an entirely different purpose. Their construction and application is not governed by decisions based upon and which construe Section 10509-54, General Code.
The appraisers do not determine the amount of the exemption under Section 10509-54, General Code. They do determine the amount of the allowance under Sections 10509-74 and 10509-75, General Code, and their duty is clearly stated.
Section 10509-74, General Code, provides: "The appraisers also shall set off and allow to the widow, and children under the age of eighteen years, if any there be, or if there be no widow, then to such children, sufficient provisions or other property to support them for twelve months from the decedent's death * * *." (Emphasis supplied.)
Section 10509-75, General Code, provides: "When there is not sufficient personal property, or property of a suitable kind, to set off to the widow or children, as provided in the next preceding section, the appraisers must certify what sum or further sum, in money, is necessary for the support of such widow or children. * * *" (Emphasis supplied.)
It is manifest that these two sections were intended to provide the widow, and children, if any, with the necessities of life for twelve months after the death of the husband and father. The amount of "provisions" or "other property" or money required is to be determined, in the first instance by the appraisers. The widow has no vested right in any specific amount of "provisions," "other property" or money immediately upon the death of the husband.
In determining the amount reasonably required by the widow during the twelve months, in the way of "provisions," "other property" or money, the appraisers must consider many elements, such as, for example, her age, condition of health and previous standard of living. Reason and common sense dictate that if she dies approximately three months after the death of her husband, as was true in this case, and before the decision of the appraisers, she will not require "provisions," "other property" or money for the last nine months of the twelve.
In my opinion it is the duty of the appraisers to consider the widow's death as a fact having a direct bearing upon the amount of "provisions," "other property" or money needed for her support during the twelve months. To ignore the fact of her death would be unrealistic.
To undertake to justify allowance of "provisions," "other property" or money for the support of a wife for nine months after her funeral on the theory that the husband would have had to pay her funeral expense had he survived, would read into the statute a purpose nowhere indicated by its language.
Such allowance in this case had the inexcusable effect of transferring $4,250 from the estate of the husband to the estate of the wife so that her heirs will enjoy that amount of inheritance which rightfully belongs to the heirs of the husband. I do not believe that such result was intended when Sections 10509-74 and 10509-75, General Code, were enacted.
ZIMMERMAN, J., concurs in the foregoing dissenting opinion.