In re Estate of Gray.

(No. 7167—Decided May 14, 1963.)

Mr. *Isadore L. Margulis*, for Isadore L. Margulis, Administrator.
Messrs. *Griffith & Griffith*, for Sadye Lynn.
Messrs. *Reid & Cox*, for Jane Oliver and Bertha Whittaker.

Duffy, P. J.   This is an appeal from the Probate Court of Franklin County in which the attorney and administrator of the decedent's estate claims that the Probate Court abused its discretion in refusing to allow a fee for work performed in the administration of the estate.

The appellant contends that Sections 2113.35 and 2113.36 of the Revised Code make it mandatory that the Probate Judge allow a reasonable and fair fee to an administrator and his attorney in the administration of an estate.   The total assets of the Gray estate were $43,361.92, of which $36,000 was the value of real property.   The appellant asked for a total of $1,600 as an allowance for administrator and attorney fees.

The Probate Judge in his opinion rendered after a hearing found that:

"A casual review of this file is conducive to the conclusion that the administrator, with will annexed, was guilty of incredible mismanagement in his handling of this estate.   None

of the explanations advanced by him at the hearing were sufficient to explain his actions in this case.''

The Probate Judge also determined that the administrator had commingled funds belonging to the estate, and decided that the last paragraph of Section 2113.35, which reads as follows: ''Should the Probate Court find, after hearing, that an executor or administrator has in any respect not faithfully discharged his duties as such executor or administrator, the court may deny such executor or administrator any compensation whatsoever or may allow such executor or administrator such reduced compensation as the court thinks proper,'' gave him the discretion to deny or reduce the administrator's compensation in this case. The judge concluded that the administrator had not been faithful to his trust, had engaged in acts amounting to dishonesty, and was not entitled to any compensation as administrator. Since the administrator acted as his own attorney in the administration of the estate, the judge found no basis for the allowance of a fee as an attorney.

From a review of the transcript of testimony, we believe that there was evidence from which the trier of the facts could find that this administrator did not faithfully discharge some of his duties as administrator. We must conclude that the judge did not abuse his discretion in denying the administrator a fee for services performed in the administration of the estate under such circumstances. Since the administrator also acted as the attorney, the court properly refused the allowance of compensation as an attorney.

The judgment of the trial court will be, and hereby is, affirmed.

The motion to strike the brief on behalf of Sayde Lynn is overruled.

*Judgment affirmed.*

DUFFEY and TROOP, JJ., concur.