In re Estate of Burchett.

[Cite as In re Estate of Burchett, 16 Ohio App. 2d 45.]

46

*Messrs. Means, Bichimer & Burkholder,* for appellant Virginia M. Burchett.

*Mr. George A. Piacentino,* for cross-appellants Hazel M. Landrum and Edwin B. Spohn.

GUERNSEY, P. J. The appeal of the surviving spouse herein contests that portion of a judgment of the Probate Court disallowing her exceptions to the inventory and to the final account filed by the administratrix of her deceased husband's estate, such exceptions being grounded on the alleged failure of the administratrix to have determined and allowed or paid to the surviving spouse her year's allowance prescribed by Section 2117.20, Revised Code, and the property exempt from administration as prescribed by Section 2115.13, Revised Code. The cross-appeal of the administratrix (and her attorney) contests that portion of the same judgment allowing the exceptions of the surviving spouse to the items of the final account wherein the administratrix took credit for payment of compensation to herself and to the attorney employed by her for the services performed by them in the administration of the estate.

Taking the view which we do of this appeal, it is not necessary for this court to make any determination relating to defects in notice or relating to the timeliness of the procedure in asserting the surviving spouse's exceptions, alluded to in oral argument or apparent in the record.

The statutory provisions for the benefit of the surviving spouse relating to year's allowance and property exempt from administration may be waived by her during the administration of the estate, but such waiver must clearly appear. See, for example, *Stetson* v. *Hoyt,* 139 Ohio

St. 345, and *In re Estate of Croke*, 155 Ohio St. 434. The administratrix, her daughter and a family friend testified positively to the effect that on numerous occasions the surviving spouse counseled and directed the administratrix to pay the bills of the estate even if such payment would result in no money being left for distribution to her, stating as her reason that her husband never had any bills that weren't paid. The only evidence offered to rebut this was that of the surviving spouse in answer to a question as to whether she had so advised the administratrix, and her reply was, "I may have, I don't remember whether I did or didn't." This evidence had no probative value to refute that offered by the administratrix.

Under these circumstances there was sufficient evidence to make it clearly appear to the trial court that the surviving spouse had waived her rights to a year's allowance and to her statutory exemption, and this court is not permitted to find, as a matter of law, to the contrary. The judgment, in this respect, should be affirmed.

Examination of the bill of exceptions reveals that at the January 17th hearing on the exceptions to the account dealing with the fees due to the administratrix and her attorney the trial judge stated in open court:

"* * * We're going to start disallowing fees where estates are not administered according to the time schedule provided by law, unless there is a journal entry on file that shows a reason for the delay. Therefore, exceptions number five and six, pertaining to the fees paid to Hazel Landrum in the amount of $165.00 and fee made to Edwin B. Spohn in the amount of $240.00 are sustained. Mr. Spohn, you and your client are directed to refund this money to the estate, and you will be disallowed any fees for your services up to this date. * * *"

The bill of exceptions also discloses that at the February 15, 1968, rehearing of the exceptions the trial judge stated in open court:

"* * * The court's previous position on the matter of the fees to the attorney and to the administratrix, I'm not going to change. I recognize and admit to you, in the

record, that the court may be on rather tenuous grounds, but I feel, as I've felt from the beginning, that had Mr. Spohn diligently pursued the affairs of this estate, none of this would have occurred. There seems to be, on the face of the record, little reason to punish the administratrix by reason of Mr. Spohn's lack of attention to the details of this estate, * * *."

As the Probate Court found that the administratix was not chargeable with any impropriety in not providing for determination and payment of the year's allowance and statutory exemption due to the surviving spouse, which decision we have hereinbefore affirmed, and as there was no loss to the estate of any funds nor any fraud or malfeasance on the part of the administratrix or her attorney, it is apparent from the record that the only reason on which the Probate Court based its denial of compensation to them for their services was as a penalty for their failure to file the inventory and appraisement until almost fourteen months after the appointment of the administratrix.

Independently of statute, Probate Courts had the authority to deny the compensation of an administrator for maladministration of an estate. *Overturf* v. *Gerlach,* 62 Ohio St. 127, 78 Am. St. Rep. 704. A determination of denial was largely within the discretion of the court, but reference to the reported cases indicates that such discretion was exercised in favor of denial almost entirely in cases where the actions of the administrator caused loss to the estate, involved fraud, moral turpitude, or malfeasance; or, in cases of laches or dilatory action, where failure to act persisted after notice or order from the court to act, some appellate cases have even declared that there has been no abuse of discretion by a Probate Court in allowing compensation to a fiduciary in situations involving maladministration, or even defalcation, if the fiduciary's management has benefitted the trust. *Campbell* v. *McCormick,* 1 C. C. 504, 1 C. D. 281; *Schieble* v. *Phalen,* 32 Ohio Law Abs. 252; *In re Jaymes,* 18 Ohio Law Abs. 613; and *In re Estate of Chambers,* 30 Ohio Law Abs. 420. See, also, 24 Ohio Jurisprudence 2d 119, Fiduciaries, Sections 277 and 278,

and 34 Corpus Juris Secundum 1045, Executors and Administrators, Section 876.

What then is the effect of our present statutory provisions with respect to an administratrix whose only offense has been the dilatory filing of an inventory? Section 2113.35, Revised Code, permits a Probate Court to deny to, or reduce, the compensation otherwise fixed by the same statute of any executor or administrator who "has in any respect not faithfully discharged his duties." The letters of administration issued to the administratrix herein provided, among other duties, that she "make and return to the court on oath, within the time required by law, a true inventory," etc. Section 2115.02, Revised Code, prescribes that the inventory be made and returned into court "within one month after the date of his appointment, unless the Probate Court grants an extension of time for good cause shown." Section 2115.03 permits a Probate Court to remove an executor or administrator if they do not return an inventory by the day designated in an order issued following their neglect or refusal to return an inventory in the time prescribed by Section 2115.02. Section 2109.24, Revised Code, permits the court to remove and to deny compensation to a fiduciary who fails to file an inventory as required by Section 2115.02 and "if such failure continues for thirty days after such fiduciary has been notified by the court of the expiration of such time," "unless the court enters upon its journal that such delay was necessary and reasonable."

It is apparent from the foregoing legislative sections and from Section 2109.31, relating to citation to a fiduciary to file his account, that the Legislature contemplated that there would be occasions when the delay in the return of an inventory or an account would be justified and that no punishment by way of reduction or elimination of compensation or by way of removal of the fiduciary should occur until the fiduciary has been cited by the court in the manner provided in the appropriate statute and has been given opportunity to file the overdue inventory or account. Under the provisions of Section 2115.02 the administra-

trix herein had a duty to return an inventory within one month after the date of her appointment. Under the provisions of Section 2115.03, Revised Code, the Probate Court had an equivalent duty, when the administratrix failed to carry out her duty, to issue an order requiring her, at an early date therein named, to return an inventory. In a measure, the responsibility for the failure of filing the inventory until almost fourteen months after the appointment was divided. Compare *In re Jaymes*, 18 Ohio Law Abs. 613, 619.

In our opinion the Legislature did not intend to give the Probate Court the authority under Section 2113.35, Revised Code, to deprive or reduce the compensation otherwise due to an administrator in the circumstances herein set forth, and we conclude that, on these circumstances, the administratrix herein was entitled, as a matter of law to the compensation provided by that section.

As to the compensation of the attorney employed by the administratrix, we can find no authority in the law to deprive him of same as a penalty for mere delay in returning the inventory. *In re Estate of Gray*, 118 Ohio App. 547, cited by the surviving spouse, does not stand for such a proposition. In that case the administrator and attorney were one and the same person and the Probate Court concluded that he was guilty of ''incredible mismanagement in his handling of this estate.'' The transcript of docket and journal entries here discloses that the attorney for the administratrix carried out many other of his professional duties relating to the administration of the estate in a timely manner. Under the provisions of Section 2113.36, Revised Code, ''when an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration.'' Under this provision what constitutes reasonable fees is largely in the discretion of the Probate Court but the court must exercise that discrction. It is apparent from the record here that the court did not determine what fees were reasonable in consideration of the scope of the serv-

ices and whether the services were performed in a professional manner, but concluded, without such determination, that the attorney's fees should be disallowed entirely as a penalty to him for delay in filing the inventory. This portion of the court's judgment should be set aside and the cause remanded for a determination by the court as to the reasonableness of the fees paid to the attorney by the administratrix.

*Judgment accordingly.*

SMITH and COLE, JJ., concur.

SMITH, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.