[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The decedent, William A. Gaines, Sr., designated Donald R. Gaines, one of his sons, as executor of his estate. The probate court appointed Gaines, and he, in turn, hired an attorney to facilitate the administration of the decedent's estate. The beneficiaries under the will were the decedent's seven children.
Florence Elaine Gaines-Waters, one of the decedent's seven children, has appealed the decision of the probate court overruling the majority of her exceptions to the fiduciary's partial account and the court's setting of attorney fees. The executor has filed a cross-appeal. Gaines-Waters raises seven assignments of error. She contends that the probate court abused its discretion when it (1) awarded attorney fees in excess of statutory guidelines; (2) awarded fees to the executor; (3) approved the appointment of the executor's relative as the appraiser for the decedent's real property; (4) allowed a realtor's commission when the realtor did not sell the property; (5) failed to have one parcel of decedent's real estate reappraised by a disinterested third party; and (6) allowed that parcel of property to be sold for less than its value. She also argues that the probate court abused its authority when it imposed sanctions on her. The executor's cross-appeal asserts that the probate court erred by setting off against his fiduciary fees the amount paid by his brother from assets of the estate for travel expenses incurred by others to attend the decedent's funeral.
We first note that both parties have failed to file transcripts of any proceedings held in the court below. Thus, if the record fails to exemplify an asserted error, we must presume regularity in the proceedings below.[1]
In her first assignment, Gaines-Waters challenges the award of extraordinary attorney fees. She contends that the trial court could not allow the extraordinary attorney fees requested because the estate's attorney had not filed a final accounting and was delinquent in filing a partial account and inventory. She also contends that the probate court failed to consider the guidelines in Loc.R. 71.1(H) of the Hamilton County Court of Common Pleas, Probate Division. Gaines-Waters is not challenging the reasonableness of the fees. According to the record, the final account was prepared for filing at the time the application for fees was filed in accordance with Loc.R. 71.1(B). Further, while there had been some delinquent filings, there were none at the time the court ordered the fees to be paid. Finally, while Loc.R. 71.1(H) states that the attorney-fee computations it provides may serve as a guide in determining fees, it also explains that the guidelines do not set a minimum or maximum fee that will automatically be authorized by the probate court. We have reviewed the record before us, as well as the applicable law, and conclude that the probate court did not abuse its discretion under the circumstances of this case. We overrule Gaines-Waters's first assignment.
Gaines-Waters next challenges the probate court's decision to award fees or commissions to the executor based on the assertion that the executor mishandled the estate. R.C. 2113.35 allows the court to deny compensation to an executor where it finds, after a hearing, that the executor did not faithfully discharge his duties as executor. Under R.C.2109.31(C)(2), the court may deny commissions where the executor refuses or neglects to file an inventory or accounting after the issuance of a citation. Gaines-Waters argues that the executor's three inappropriate disbursements and his late filings should have resulted in a loss of fees. First, as to the citation issued to the executor, the executor made the necessary filings.[2] Second, the probate court recognized the inappropriate disbursements and ordered that the errors be rectified. It did not conclude, however, that the disbursements constituted an unfaithful discharge of Gaines's duties as executor. It explicitly found that the executor "has earned the statutory fiduciary's commission pursuant to R.C. 2113.35." The probate court's decision cannot be reversed absent an abuse of discretion.[3] We find nothing in the record before us to support Gaines-Waters's claim that the probate court abused its discretion, and, thus, we overrule her second assignment.
In her third assignment, Gaines-Waters claims that the trial court abused its discretion by allowing a relative of the decedent to appraise the decedent's property located at Drexel Place. She claims that the failure of the trial court to have an impartial appraiser
resulted in the Drexel Place property being sold for less than fair value. The decedent owned two parcels of real estate. One was located on Drexel Place, and the other was located on Norwich Lane. The executor appointed his deceased mother's brother as the appraiser for the properties. The executor certified that the appraiser was qualified in accordance with the local rules of the court. The probate court approved the appraiser. The appraiser appraised the Drexel Place property at $35,000 and the Norwich Lane property at $42,000.
In her objections to the inventory, Gaines-Waters asked for an explanation or an appraisal by a disinterested third party. Throughout the proceedings below, she relied on Loc.R. 61.1 of the Hamilton County Court of Common Pleas, Probate Division, which relates to the disqualification of an appraiser related to a decedent by blood or marriage. The magistrate conducted an evidentiary hearing on Gaines-Waters's exceptions to the inventory.
As to the issue of the real estate appraisal, the magistrate stated that the Gaines-Waters's exception set forth the following: "that the real estate at 3732 Norwich Lane was not properly valued." The magistrate recommended that a "suitable and qualified appraiser" be procured by the executor and that, if the new appraisal for the Norwich Lane property was $52,500 or less, the inventory be approved since the contract price of the property, $42,000, represented 80% of $52,500. If the appraisal was higher, the magistrate recommended that the executor be held liable for any difference. We have no transcript of that proceeding.
A new appraisal was completed, and the Norwich Lane property was valued at $52,400. The executor filed an amended inventory. Gaines-Waters objected to the magistrate's recommendations and insisted that both properties needed to be reappraised by a disinterested third party. She also filed objections to the amended inventory, stating that the appraisal of the Drexel Place property was also in dispute and needed reappraisal.
The probate court overruled Gaines-Waters's objections, noting that it did not have a transcript of the prior proceedings. The court pointed out that Gaines-Waters had presented no argument of law to persuade it that the magistrate had erred, and affirmed the magistrate's decision. And, on the same day, it approved the inventory and appraisal.
Gaines-Waters again challenged the appraiser when she objected to the partial accounting. Gaines-Waters argued that the appraiser for the Drexel Place property should not have been paid because he was related to the deceased. She also challenged the subsequently appointed appraiser who appraised the Norwich Lane property, because he was the employer of the first appraiser. She again relied on the local rule regarding the disqualification of an appraiser related to the decedent by blood or marriage.
The probate court overruled her exceptions. As to the issue that the appraiser was inappropriately hired, the court found as a matter of law that a former brother-in-law was not related by blood to the decedent. Implicit in the ruling was that, as a former relative, the brother-in-law was no longer related to the decedent by marriage because the decedent's wife was dead.
In her appeal, Gaines-Waters challenges the appraiser by relying on a different section of the local rule. She raises for the first time her allegation that the appointment of the appraiser violated Loc.R. 61.1(4) of the Hamilton County Court of Common Pleas, Probate Division. This was not raised below and, thus, is inappropriate for consideration on appeal. Further, the record fails to exemplify her contention that the Drexel Place property was sold at less than fair value. Thus, we overrule Gaines-Waters's third, fifth, and sixth assignments.
In her next assignment, Gaines-Waters contends that the executor improperly paid a real estate agency because it did not actually sell the property. The probate court found that the agency had rendered services to the estate; that the executor had acted in good faith in paying the commission; and that litigation of a claim for quantum meruit might have been more costly than the commission. Based on the record before us, and the presumption of regularity that we must apply where no transcript is provided, we conclude that the probate court did not abuse its discretion in determining that the executor had properly paid the real estate agency a commission. We overrule this assignment.
Last, Gaines-Waters argues that the trial court erred by ordering her to pay a portion of the estate's attorney fees when it had no authority to do so. She claims that the sanctions were imposed under R.C. 2323.51
and thus required a hearing after proper notice. The executor argues that the fees were imposed under Civ.R. 11. The issue was raised in the estate attorney's written final argument, where he asserted that Gaines-Waters had "frivolously and repetitively pursu[ed] this court for rulings for which she can offer no proof or evidence and then delaying those proceedings for purported need to comply with the court's instructions then ignoring the court's instructions and appearing in court unprepared and without witnesses * * *." He sought a portion of attorney fees as a sanction.
The probate court stated that it found several of Gaines-Waters's exceptions "so without merit and good faith" that it ordered her to bear a portion of the attorney fees. It made no reference to the attorney's claims, nor did it cite to any authority for its decision.
We agree with Gaines-Waters that, if the fees were imposed under R.C.2323.51(B), there was reversible error for failure to comply with the statute's requirements that a hearing and notice of that hearing be provided. The record demonstrates, however, that no motion for fees was filed under R.C. 2323.51(A).
Sanctions imposed under Civ.R. 11 may be imposed where a pro se party signs a pleading, motion, or document that acts as a certification that the party has read the document, believes there are good grounds to support it to the best of her knowledge, information, or belief, and that it has not been filed for purposes of delay. The purpose of Civ.R. 11 is to ensure that pleadings, motions, and documents are filed in good faith and with adequate grounds to support them. The court, on its own motion, may subject the pro se party to the sanction of attorney fees for a willful violation of the rule.
The premise of the probate court's award reflects a Civ.R. 11 sanction. The court deemed several of Gaines- Water's exceptions to be without merit (or adequate grounds) and not brought in good faith. We, thus, review its decision to impose sanctions under Civ.R. 11 under an abuse-of-discretion standard.[4] Here, where we have no transcript of the proceeding, and where the record does demonstrate Gaines-Waters's redundant and unsupported allegations, we cannot conclude that the court abused its discretion in sanctioning her with a portion of the attorney fees.
In his cross-appeal, the executor argues that probate court erred in charging travel expenses paid to attend the decedent's funeral as a setoff against his fiduciary fees, because he had not been appointed executor at the time, and his brother had made the expenditures. The expenses were paid from money found at the decedent's home. Again, we have no transcript of any of the proceedings below. But, having reviewed the record, we conclude that there is evidence that the decedent had shown the executor where his will and important papers were kept, thereby inferring that the executor was aware of his potential role concerning the decedent's assets; that the executor's brother found the money at the decedent's home; that the executor believed that the decedent had told the brother to use the money for travel expenses to the decedent's funeral; and that the brother had sent money to relatives for travel. The record shows that the executor knew of the money and the way his brother had used it. We, however, do not know what other testimony was presented to the probate court during the two-hour hearing on Gaines-Waters's exceptions. R.C. 2109.02 provides authority for an executor named in a will to perform necessary acts for the preservation of the trust estate prior to his appointment by the court. Obviously, prohibiting his brother from using the money would have constituted a necessary act for preserving the assets of the estate. Thus, the executor had the duty to prohibit the use of the money. The probate court found that there was no authority to pay for the travel expenses from the assets of the estate. Based on the record before us, we cannot conclude that the trial court erred.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384, 385.
[2] See In re Estate of Burchett (1968), 16 Ohio App.2d 45,241 N.E.2d 787 (delay in return of account or inventory should not result in reduction of compensation until fiduciary has been cited and given an opportunity to file overdue account and inventory).
[3] See Whitaker v. Estate of Whitaker (1995), 105 Ohio App.3d 46,58, 663 N.E.2d 681, 688.
[4] See State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65,505 N.E.2d 966; Emmert v. Emmert (Feb. 18, 2000), Hamilton App. Nos. C-990119 and C-990126, unreported.