[Cite as *Estate of Kuzman*, 2019-Ohio-4135.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF JOHN J. KUZMAN, DECEASED | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2019-T-0003** |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2010 EST 1001.

Judgment: Reversed and remanded.

*Daniel G. Keating*, Keating Law Office, 170 Monroe Street, N.W., Warren, Ohio 44483 (For Appellee).

*Michael D. Rossi*, Guarnieri & Seacrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, Ohio 44482 (For Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}   Appellant, Michael Kollar, executor of the estate of Helen M. Kuzman, appeals the trial court's decision finding that Helen waived her statutory spousal allowance.  We reverse and remand.

{¶2}   John J. Kuzman (John Sr.) and Helen were married and had no children together.  John died intestate in August of 2010.  He had two adult children.  Helen opened a tax only estate in 2010 to file John Sr.'s state tax return.  Helen then died in January of 2017.

{¶3}   On October 18, 2017, appellee, John J. Kuzman Jr. (John Jr.), administrator of the estate of John J. Kuzman, sought to administer his father's estate and requested additional time to file an inventory and schedule of assets.  On March 9, 2018, Kollar, as Helen's executor, applied for the family allowance.  John Jr. opposed the application arguing that through her conduct, Helen waived her right to the statutory allowance.  The trial court agreed, and Kollar appealed raising one assignment of error:

{¶4}   "The trial court erred in overruling Appellant, Helen Kuzman's estate's objection to the magistrate's decision; adopting that decision as its own; and entering final judgment thereon."

{¶5}   The statutory allowance and the waiver of same are set forth in R.C. 2106.13:

{¶6}   "(A) If a person dies leaving a surviving spouse and no minor children, leaving a surviving spouse and minor children, or leaving minor children and no surviving spouse, the surviving spouse, minor children, or both shall be entitled to receive, subject to division (B) of this section, in money or property the sum of forty thousand dollars as an allowance for support * * *.

{¶7}   "(B) The probate court shall order the distribution of the allowance for support described in division (A) of this section as follows:

{¶8}   "(1) If the person died leaving a surviving spouse and no minor children, one hundred per cent to the surviving spouse * * *.

{¶9}   "* * *

{¶10}  "(E) The administrator or executor shall pay the allowance for support unless a competent adult or a guardian with the consent of the court having jurisdiction

2

over the guardianship waives the allowance for support to which the adult or the ward represented by the guardian is entitled."

**{¶11}** The statute does not, however, define waiver. In a different context, the Ohio Supreme Court defines "waiver" as "the intentional relinquishment of a known right or privilege. *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466. Hence, a [party] must have some knowledge of the nature of the * * * right to make a valid waiver." *State v. Bays*, 87 Ohio St.3d 15, ¶ 20-21, 1999-Ohio-216, 716 N.E.2d 1126 (1999).

**{¶12}** Black's Law Dictionary, (11th ed. 2019), defines "waiver" as "[t]he voluntary relinquishment or abandonment — express or implied — of a legal right or advantage; FORFEITURE (2) <waiver of notice>. The party alleged to have waived a right must have had both knowledge of the existing right and the intention of forgoing it." Thus, one's knowledge of the right is essential to finding a valid waiver.

**{¶13}** Upon addressing the spousal allowance, the Ohio Supreme Court stated: "unquestionably, the provision made for the benefit of the surviving spouse could be waived by her, but such waiver must clearly appear. Since by law she was entitled to a beneficial interest, a presumption arises that it was her intention to claim and accept it. Lessee of Mitchell v. Ryan, 3 Ohio St. 377; Harvey v. Gardner, 41 Ohio St. 642." *Stetson v. Hoyt*, 139 Ohio St. 345, 348-49, 40 N.E.2d 128, 129 (1942); *In re Burchett,* 16 Ohio App.2d 45, 241 N.E.2d 787 (3d Dist.1968).

**{¶14}** Thus, it must "clearly appear" that a spouse had both knowledge of the right to the spousal allowance and an intention to forgo it, which can be either express or implied before waiver occurs. *Stetson*, supra.

3

{¶15} Here, John Jr. claims that Helen sought to defraud him and his sister from their share of their father's assets by concealing John Sr.'s stock shares and forging John Sr.'s signature on his dividend checks. And he claims by doing so, she waived her right to the family allowance under R.C. 2106.13.

{¶16} A hearing before the magistrate was held on John Jr.'s objection to Helen's estate's claim for the statutory allowance. Kollar, as Helen's executor, stipulated that Helen's statutory allowance would be reduced or set off by the amount of the dividend checks she cashed totaling $12,441.60. The estate introduced copies of the dividend checks that Helen cashed that were issued to John Sr. by H&R Block. While the parties stated on the record that the facts were mostly undisputed, there was no testimony offered and there were no factual stipulations submitted or recited at the hearing. The parties' briefs likewise contain no stipulations, affidavits, or agreed statement of facts. At the conclusion of the hearing, the magistrate noted he would make his decision based on the filings.

{¶17} The magistrate agreed with John Jr. and found that Helen waived her right to the family allowance in R.C. 2106.13 based on her conduct. The magistrate found that instead of opening an estate, Helen cashed approximately 23 H&R Block stock dividend stock checks issued to John Sr. during an almost seven-year period.

{¶18} Kollar objected to the magistrate's decision, which the trial court overruled. The trial court agreed with the magistrate and found that Helen:

{¶19} "fraudulently cashed dividend checks that were made payable to the decedent. She never opened an estate for her deceased husband while she was alive.

She failed to open an estate for seven years, concealed the stock owned by the decedent, and fraudulently cashed dividend checks that were made payable to the decedent.

{¶20} "The court finds that the intentional and deliberate conduct of Helen Kuzman * * * constituted a waiver of her right to the allowance."

{¶21} The trial court does not apply the correct legal standard. It never considers whether Helen knew about the right to the statutory allowance, let alone whether she intended to waive it.

{¶22} In *In re Burchett,* 16 Ohio App.2d 45, 241 N.E.2d 787 (3d Dist.1968), the surviving spouse was found to have waived her right to the allowance for support because she directed the administratrix to pay the bills of the estate even if such payment resulted in no money remaining for distribution to her. Three people testified that "on numerous occasions the surviving spouse counseled and directed the administratrix to pay the bills of the estate *even if* such payment would result in no money being left for distribution to her, stating * * * that her husband never had any bills that weren't paid." (Emphasis added). *Id.* at 47. Under those circumstances, the Third District found that it "clearly appeared" that waiver had occurred. *Id.*

{¶23} Unlike *Burchett*, there is nothing whatsoever evidencing that Helen knew that she was entitled to a spousal allowance or that she intended to waive it. Accordingly, Kollar's sole assigned error has merit. The trial court's decision is reversed and remanded.


TIMOTHY P. CANNON, J.,
MATT LYNCH, J.,
concur.

5