[Cite as *In re Estate of Weitzel*, 2021-Ohio-1859.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2021-01-001 |
| ESTATE OF JOSEPH WEITZEL, DECEASED | : | O P I N I O N |
| | : | 6/1/2021 |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20191405

Culpepper Law, LLC, Thomas L. Culpepper, 2955 Exchange Place Boulevard, Suite 104, Miamisburg, Ohio 45342, for appellants

Graber Law Office, LLC, Matthew J. Graber, 300 W. Main Street, Mason, Ohio 45040, for appellee, Estate of Joseph Weitzel, Deceased

Kauffman & Florence, William Robert Kaufman, 144 E. Mulberry Street, P.O. Box 280, Lebanon, Ohio 45036, for appellee, Martine Weitzel, Individually and as Surviving Spouse

**M. POWELL, P.J.**

{¶ 1} Appellants, Delana Weitzel and Angela Wood, appeal a decision of the Warren County Court of Common Pleas, Probate Division, denying their motion to bar spousal elections.

{¶ 2} Joseph Weitzel died intestate on December 27, 2018. He was survived by

his wife, appellee, Martine Weitzel ("Martine"), and his two adult daughters, Delana Weitzel and Angela Wood ("the Children"). Martine is the Children's stepmother. On August 6, 2019, the probate court appointed Martine administrator of the estate of Joseph Weitzel. Although statutorily required to do so, the probate court did not send Martine a citation notifying her to elect whether to exercise surviving spousal rights.

{¶ 3} In October 2020, the Children filed a motion to bar spousal elections, arguing that Martine had failed to make spousal elections within five months of the appointment of the estate's administrator and was now barred from doing so under R.C. 2106.25. The motion sought an order that Martine had waived her right to (1) elect to take under or against the will, (2) receive an allowance for support, (3) remain in the mansion house rent free for one year, (4) select automobiles, (5) select one watercraft, one watercraft trailer, and one outboard motor, and (6) be reimbursed from the estate for funeral and burial expenses. *See* R.C. 2106.01, 2106.13, 2106.15, and 2106.18 thru 2106.20. Martine filed a memorandum opposing the Children's motion to bar spousal elections. She further moved the probate court for an extension of time to make the spousal elections.

{¶ 4} By Decision and Entry filed of December 2, 2020, the probate court found that although it was required under R.C. 2106.01(A) to issue a citation to Martine, as surviving spouse, to elect whether to exercise her spousal rights, it had failed to do so. Based upon its failure to issue the citation, the probate court found that the five-month limitation period of R.C. 2106.25 was not absolute and denied the Children's motion to bar spousal elections. The probate court granted Martine's motion to extend time to make spousal elections, directed the clerk of court to serve the citation upon Martine's attorney, and extended the time for Martine to make or waive spousal elections to 14 days after service of the citation.

{¶ 5} The Children appeal, raising one assignment of error:

{¶ 6} THE WARREN COUNT[Y] PROBATE COURT ERRED BY DENYING

- 2 -

APPELLANTS' MOTION TO BAR SPOUSAL ELECTIONS AS OUT OF TIME UNDER R.C. 2106.25 AND GRANTING DEFENDANT-APPELLEE'S MOTION TO EXTEND TIME TO MAKE HER ELECTIONS.

{¶ 7} The Children argue that the probate court erred in holding that the time within which a surviving spouse must elect whether to exercise the R.C. Chapter 2106 spousal rights is dependent upon service of the R.C. 2106.01(A) citation. The Children assert that although statutorily required, the issuance or service of a citation is not necessary for a surviving spouse to make spousal elections, and thus, a probate court's failure to issue or serve the citation does not toll the five-month limitation period of R.C. 2106.25. Because Martine was required but failed to make spousal elections by January 6, 2020, the Children assert she has conclusively waived any surviving spousal rights. The Children cite *Reid v. Daniel*, 2d Dist. Montgomery No. 26494, 2015-Ohio-2423, in support of their argument.

{¶ 8} Issuance of a citation to a surviving spouse by a probate court is mandatory in Ohio. R.C. 2106.01(A) provides that "[a]fter the initial appointment of an administrator or executor of the estate, the probate court *shall issue a citation to the surviving spouse* * * * to elect whether to exercise the surviving spouse's rights under [R.C.] Chapter 2106, including, after the probate of a will, the right to take under the will or under [R.C.] 2105.06." (Emphasis added.) The citation "*shall* be served on the surviving spouse pursuant to Civ.R. 73," and furthermore "*shall* be accompanied by a general description of the effect of the election to take under the will or under [R.C.] 2105.06 and the general rights of the surviving spouse under [R.C.] Chapter 2106." (Emphasis added.) R.C. 2106.02(A) and (B). "Notice that the citation has been issued by the court shall be given to the administrator or executor of the estate[.]" R.C. 2106.02(A).

{¶ 9} In *Reid*, the trial court granted summary judgment against a surviving spouse seeking to challenge the validity of an antenuptial agreement. The surviving spouse argued

she was not time barred from contesting the antenuptial agreement because she was not properly served with, and never received, the R.C. 2106.01(A) citation. The trial court rejected the argument, finding that the surviving spouse was properly served. The trial court further found that following the 2001 amendment of the statute, service of a citation was no longer the "triggering or tolling event" for the time within which to exercise surviving spousal rights. Rather, the appointment of the fiduciary was the triggering event. *Reid*, 2015-Ohio-2423 at ¶ 20. The Second District Court of Appeals upheld the trial court's grant of summary judgment against the surviving spouse. Although the court of appeals noted the trial court's "triggering event" holding, it did not endorse it. Rather, the court of appeals simply affirmed on the ground that the surviving spouse had been properly served with the citation. *Id.* at ¶ 21, 26.

{¶ 10} *Reid* involved a surviving spouse's right to contest an antenuptial agreement under R.C. 2106.22. That statute specifically provides that an action to set aside or otherwise attack the validity of the agreement must be commenced within four months after the appointment of the estate's administrator or executor. By contrast, the statutes creating the spousal rights involved in this case do not specify a time within which those rights must be exercised. *See* R.C. 2106.13, 2106.15, and 2106.18 thru 2106.20. *Reid* is therefore distinguishable.

{¶ 11} Furthermore, *Reid* does not hold that the issuance or service of a R.C. 2106.01(A) citation is irrelevant to the time within which a surviving spouse must exercise spousal rights under R.C. Chapter 2106. If such was the case, there was no need for the legislature to keep the mandate that a probate court issue such a citation when the legislature amended the statute in 2001. Moreover, while a surviving spouse is conclusively presumed to have waived spousal rights not exercised within a specific time period under R.C. Chapter 2106, it is axiomatic that "[t]he party alleged to have waived a right must have

- 4 -

had both knowledge of the existing right and the intention of forgoing it." *Estate of Kuzman*, 11th Dist. Trumbull No. 2019-T-0003, 2019-Ohio-4135, ¶ 12 (defining waiver as "the voluntary relinquishment or abandonment – express or implied – of a legal right or advantage").

{¶ 12} There are two statutory provisions in R.C. Chapter 2106 governing the time within which a surviving spouse must make spousal elections. The first statute is R.C. 2106.01(E), which provides

> The election of a surviving spouse to take under a will or under [R.C.] 2105.06 may be made at any time after the death of the decedent, but the surviving spouse shall not make the election later than five months from the date of the initial appointment of an administrator or executor of the estate. On a motion filed before the expiration of the five-month period, and for good cause shown, the court may allow further time for the making of the election. If no action is taken by the surviving spouse before the expiration of the five-month period, it is conclusively presumed that the surviving spouse elects to take under the will. The election shall be entered on the journal of the court.

{¶ 13} As its language makes clear, R.C. 2106.01(E) solely governs a surviving spouse's election to take under the will or against the will, requires the election to be made within five months of the appointment of the estate's administrator or executor, and requires that motions to extend the time for the making of the election be based upon good cause and filed before the expiration of the five-month period. *See also In re Estate of Riley*, 165 Ohio App.3d 471, 2006-Ohio-956 (4th Dist.). Because Joseph Weitzel died intestate, an election to take under or against the will under R.C. 2106.01(E) is not at issue here.

{¶ 14} A surviving spouse's election to exercise R.C. Chapter 2106 spousal rights other than the right to take under or against the will is controlled by R.C. 2106.25, which provides

> Unless otherwise specified by a provision of the Revised Code or this section, a surviving spouse shall exercise all rights under [R.C.] Chapter 2106 within five months of the initial appointment

of an executor or administrator of the estate. It is conclusively presumed that a surviving spouse has waived any right not exercised within that five-month period or within any longer period of time allowed by the court pursuant to this section. Upon the filing of a motion to extend the time for exercising a right under [R.C.] Chapter 2106 and for good cause shown, the court may allow further time for exercising the right that is the subject of the motion.[1]

{¶ 15} Unlike a motion seeking an extension of time under R.C. 2106.01(E), an R.C. 2106.25 motion for additional time to exercise surviving spousal rights other than the right to take under or against the will need only be supported by good cause and need not be filed before the expiration of the statutory time limit.

{¶ 16} The probate court was statutorily required to issue a R.C. 2106.01(A) citation to Martine as surviving spouse following the appointment of the estate's administrator. Although not defined in R.C. Chapter 2106, the "good cause" contemplated goes to the presentation of good and sufficient reasons for seeking an extension of the time within which to exercise surviving spousal rights. The probate court's failure to issue the mandatory R.C. 2106(A) citation was good cause for the court to extend Martine's time to exercise or waive the spousal rights at issue. The probate court, therefore, did not err in denying the Children's motion to bar spousal elections and granting Martine's motion to extend time to make spousal elections.

{¶ 17} The Children's assignment of error is overruled.

{¶ 18} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.

---

1. Each spousal right created by R.C. Chapter 2106 has a time limit. As our discussion of *Reid* indicates, some statutory provisions have a self-contained time limit applicable to that provision only. *See* R.C. 2106.22; *see also* R.C. 2106.10 (surviving spouse's election to receive the mansion house must be made at or before the time a final account is rendered); R.C. 2106.01(E). These statutory provisions are reflected in the "Unless otherwise specified by a provision of the Revised Code" phrase of R.C. 2106.25's first sentence. For statutory provisions without a self-contained time limit, R.C. 2106.25 governs.